# SUPREME COURT.

DAVID THOMPSON *et al.*, executors, agt. LESSER FRIEDBERG.

*Orders of arrest — what to be stated in complaint — order to be subscribed by attorney — what surety in undertaking should swear to — Code of Civil Procedure, sections 561, 562, 558 and 812.*

Where the arrest proceeds upon the fact that the defendant had removed or secreted his property with the intent to defraud his creditors, it is extrinsic to the cause of action, and not to be stated in the complaint (*Following Williams* agt. *Norton, ante* 509, *and is adverse to Bowery National Bank* agt. *Duryea, ante* 450).

The order of arrest must be subscribed by the attorney. The statute (*Code of Civil Procedure, secs.* 561, 562) upon this subject is imperative.

The surety in an undertaking, for the purpose of obtaining an order of arrest, must make an affidavit (which is to be attached to the undertaking) in the form required by section 812 of the Code of Civil Procedure.

Where the surety neglects to swear that he is worth the amount specified in the affidavit, exclusive of the property exempt from levy and sale under execution, the affidavit is defective, and for this defect the order of arrest will be set aside.

*Special Term, April,* 1878.

MOTION to set aside order of arrest.

DANIELS, *J.* — The affidavits, taken together, support the conclusion on which the order of arrest was made, that the defendant had removed or secreted his property with the intent to defraud his creditors. When the arrest proceeds upon that fact, it is extrinsic to the cause of action, and not to be stated in the complaint. That rule of practice has become perfectly well settled at the present time. The order of arrest should

Thompson *et al.* agt. Friedberg.

have been subscribed by the plaintiff's attorney (*Code, secs.* 561, 562). The statute upon this subject is imperative. It has not been complied with in this case. The surety in the undertaking should also have sworn that he was worth the amount specified in the affidavit, exclusive of property exempt from levy and sale under execution. That was omitted in the affidavit which was attached to the undertaking for the purpose of obtaining the order of arrest. For these defects the order of arrest must be set aside, unless within five days after notice of this decision the order of arrest be subscribed by the plaintiff's attorney, and a copy so subscribed be also delivered to the defendant or his attorney, and an affidavit be attached to the undertaking in the form required by section 812 of the Code; and the plaintiff pay the defendant's attorney ten dollars costs of this action.