KNICKERBOCKER TRUST COMPANY, as Trustee, Plaintiff, v. ONEONTA, COOPERSTOWN AND RICHFIELD SPRINGS RAILWAY COMPANY et al., Defendants.

OTSEGO AND HERKIMER RAILROAD COMPANY, Appellant; ONEONTA AND MOHAWK VALLEY RAILROAD COMPANY et al., Respondents.

Mortgage — foreclosure of trust mortgage — proceeding to compel defaulting purchaser to execute deed to purchaser at re-sale — not a special and independent proceeding — when order therein not appealable to Court of Appeals.

An application to compel a defaulting purchaser on a foreclosure sale to execute a deed of the property bid off by him thereat, to a purchaser on a re-sale does not institute a special proceeding.

At a sale of a railroad on foreclosure, the assignee of the purchaser made default in fulfillment of the purchase. Upon re-sale the assignee of the purchaser thereat made an application to the court to compel such transferee of the former purchaser to execute a deed covering the property bid off by the original purchaser at the first sale, and also certain rights claimed to have been acquired by such original purchaser which were not covered by the judgment of foreclosure and sale. The court at Special Term denied the application, and the order was affirmed by the Appellate Division. Held, that the denial of the application was the exercise of a discretionary power which is not reviewable in this court.

Even though an application to compel a defaulting purchaser to execute a deed of property appearing, or claimed, to be independent of and not covered by the judgment of foreclosure, should be deemed an independent proceeding, so that an order granted therein would be a final order in a special proceeding, an appeal from such order to the Court of Appeals may not be taken as a matter of right, since the trial court, even if entitled so to do, is not compelled to determine such adverse claims in a summary manner upon petition, but may leave the claimant to enforce his rights in an ordinary action.

Knickerbocker Trust Co. v. O., C. & R. S. Ry. Co., 134 App. Div. 775, appeal dismissed.

(Argued January 5, 1910; decided February 8, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 25, 1909, which affirmed an order of Special Term denying a motion for an order directing the respondents

herein to execute and deliver to the appellant a deed of certain property claimed to have been purchased on a foreclosure sale in the above-entitled action.

The facts, so far as material, are stated in the opinion.

*Henry C. Henderson* for appellant. The order appealed from is reviewable here. (*Archer* v. *Archer,* 155 N. Y. 415; *Wetmore* v. *Wetmore,* 162 N. Y. 503; *Wendt* v. *Walsh,* 164 N. Y. 154.)

*Julius Henry Cohen* for respondents. The appeal should be dismissed. (Code Civ. Pro. § 190; *Van Arsdale* v. *King,* 155 N. Y. 325; *Merriam* v. *N. & P. Co.,* 155 N. Y. 136; *Haebler* v. *Myers,* 132 N. Y. 363; *Peri* v. *N. Y. C. & H. R. R. R. Co.,* 152 N. Y. 521.)

HISCOCK, J. The plaintiff was a trustee of and under a mortgage executed by the defendant to secure an issue of bonds, and on default brought this action and obtained a judgment of foreclosure and sale of the premises covered by the mortgage. On the sale one Bean, apparently as a representative of others, bid off the property and subsequently transferred his bid to the respondent Oneonta and Mohawk Valley Railroad Company, which had in the meantime been organized for the purpose of taking over the property. Said company defaulted in fulfillment of the purchase and a resale of the property was ordered. On such resale one Starrett bid the same off and subsequently transferred his rights to the appellant Otsego and Herkimer Railroad Company, which had been organized for the purpose of taking the same over. Thereafter and on the foot of the original judgment in foreclosure, and entitled in the original action, the application was made which resulted in the order now appealed from. This application was that the respondent railroad company as transferee of the purchaser on the original sale should execute to the appellant railroad company as the transferee of the purchaser on the resale a deed covering the property bid off by such original purchaser and also, as claimed by the respondents,

covering certain rights and property acquired by the railroad company while it was in possession under the original sale and which were not covered by the judgment of foreclosure and sale. The application was denied.

The only question which it is necessary to consider is the one involving appellant's right to appeal as a matter of right. If it has any such right it exists under the provisions of section 190 of the Code allowing appeals from " judgments or orders finally determining actions or special proceedings."

If appellant's application had been made under ordinary circumstances to compel the defaulting purchaser on one sale to execute a deed of the property bid off, to a purchaser on a re-sale where there was no question concerning the identity of the property covered by the judgment and included in the sales, I feel entirely clear that it could not be regarded as instituting a special proceeding. Such an application on the foot of the decree would be a proceeding incidental and auxiliary to the judgment itself, and the order made in response thereto would simply be a direction made by the court for the purpose of carrying out and enforcing rights already settled and determined by and under the judgment. The proceeding would not be one addressed to the prosecution of any new or independent rights, but would simply call on the court to enforce those already adjudicated. (*Merriam* v. *Wood & Parker Lith. Co.*, 155 N. Y. 136, 139 ; *Jewelers' Merc. Agency* v. *Rothschild*, 155 N. Y. 255 ; *People* v. *Amer. Loan & Trust Co.*, 150 N. Y. 117, 123, 124.)

If it should be thought that an application like the present one, seeking to compel a deed from one purchaser to another of property appearing or claimed to be independent of and not covered by the judgment in foreclosure, is an independent and special proceeding and that an order made therein adjudicating adversely the claims of the defendant and compelling him to execute a deed would be a final order in a special proceeding, and, therefore, appealable, even that view would not establish appellant's right to appeal to this court. The court, even if entitled so to do, is not compelled to determine such

adverse claims in a summary manner upon petition, but may leave the claimant to enforce his rights to the disputed property in an ordinary action, and, therefore, its denial of such an application is but the exercise of a discretionary power which is not reviewable in this court. ( *Wilbor* v. *Danolds*, 59 N. Y. 657.)

In my judgment there are still other obstacles to appellant's right to prosecute this appeal, but in view of what has already been said it is unnecessary to consider these.

The appeal should be dismissed, with costs.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; EDWARD T. BARTLETT, J., absent.

Appeal dismissed.