## STRATTON *v.* STRATTON.

ERROR TO THE COURT OF APPEALS OF THE SEVENTH AP-
PELLATE DISTRICT OF THE STATE OF OHIO.

No. 6i8. Motion to dismiss or affirm submitted October 25, 1915.—
Decided November 8, 1915.

A judgment of an intermediate appellate state court is not a final judg-
ment of the state court of last resort within the meaning of § 237,
Judicial Code, if the highest court of the State has a discretionary
power to review which has not been invoked and refused.

The usual practice in the various States where discretionary power to
review exists in the highest court of the State is to invoke the exercise
of such discretion in order that upon the refusal to do so there may
be no question concerning the right to review in this court.

Appeal from a judgment of the Court of Appeals of Ohio dismissed on
the ground that under the constitution and laws of Ohio the Supreme
Court of the State had a discretionary power of review which had
not been invoked and refused.

THE facts, which involve the jurisdiction of this court
to review the judgment of a state court under § 237,
Judicial Code, are stated in the opinion.

*Mr. D. A. Hollingsworth, Mr. C. A. Vail* and *Mr. E. E.
Erskine,* for defendant in error in support of the motion to
dismiss or affirm.

*Mr. Addison C. Lewis* and *Mr. David. M. Gruber* for
plaintiff in error in opposition to the motion.

Memorandum opinion by MR. CHIEF JUSTICE WHITE,
by direction of the court.

To reverse a judgment rendered by the Ohio Court of
Appeals of the Seventh Appellate District on the ground of

Federal errors committed, this writ of error is prosecuted to that court. There is a motion to dismiss based on the ground that the court of last authority, the Supreme Court of the State, was the highest court in which a decision in the suit could be had. This rests not upon the contention that in all cases as a matter of right and of duty the Supreme Court was given authority to review the judgments and decrees of the Courts of Appeals, but upon the proposition that under the constitution and laws of Ohio the Supreme Court was vested with power to review in every case the judgments or decrees of the Courts of Appeals where in the exercise of its judgment the Supreme Court deemed them to be of such public or great general interest as to require review.

The premise upon which the proposition is based being undoubtedly accurate, indeed not disputable (Ohio Constitution, Art. IV, § 2; *City of Akron* v. *Roth*, 88 Ohio St. 457), we think the motion to dismiss must prevail. True, it is urged that under the Ohio law the jurisdiction of the Supreme Court was not imperative, but gracious or discretionary, that is, depending upon its judgment as to whether the case was one of public or great general interest—an exceptional class in which the case before us, it is insisted, we must now decide was not embraced. But this simply invites us to assume jurisdiction by exercising an authority which we have not, that is, by indulging in conjecture as to what would or would not have been the judgment of the Supreme Court of Ohio if it had been called upon to exert the discretion vested in it by state laws. When the significance of the proposition upon which the claim of jurisdiction is based is thus fixed, it is not open to contention, as it has long since been adversely disposed of. *Fisher* v. *Perkins*, 122 U. S. 522; *Mullen* v. *West. Un. Beef Co.*, 173 U. S. 116. Indeed, conforming to the rule thus thoroughly established, the practice for years has been in the various States where discretionary power

to review exists in the highest court of the State, to invoke the exercise of such discretion in order that upon the refusal to do so there might be no question concerning the right to review in this court. See *West. Un. Tel. Co.* v. *Crovo,* 220 U. S. 364; *Norfolk Turnpike Co.* v. *Virginia,* 225 U. S. 264; *St. Louis San Francisco Ry.* v. *Seale,* 229 U. S. 156.

*Dismissed for want of jurisdiction.*