## SECOND NATIONAL BANK OF CINCINNATI, OHIO, *v.* FIRST NATIONAL BANK OF OKEANA, OHIO.

### ERROR TO THE SUPERIOR COURT OF CINCINNATI, STATE OF OHIO.

No. 491.   Argued January 25, 1917.—Decided February 5, 1917.

When the highest state court has refused to exercise its discretion to review a judgment of an intermediate appellate tribunal, it is to the latter that the writ of error under Judicial Code, § 237, should be directed. *Stratton* v. *Stratton,* 239 U. S. 55; *Valley Steamship Co.* v. *Wattawa,* 241 U. S. 642.

The Ohio Court of Appeals affirmed a judgment of the Superior Court of Cincinnati, upon the record coming from the latter, and ordered that a special mandate be sent to that court "to carry this judgment into effect," without directing it to enter any judgment of its own. *Held,* that the writ of error under § 237 should have been directed to the Court of Appeals and not to the Superior Court.

THE case is stated in the opinion.

*Mr. Landon L. Forchheimer,* with whom *Mr. Ferdinand Jelke, Jr.,* was on the brief, for plaintiff in error.

*Mr. Edward P. Moulinier* for defendant in error.

Memorandum opinion by MR. JUSTICE DAY.

This writ of error must be dismissed. It appears from the record that the action was commenced in the Superior Court of Cincinnati to recover the sum of $5,000.00 for money which, it was alleged, the Cincinnati Bank was to loan for the First National Bank of Okeana. Issues were made up and a trial had in the Superior Court, which resulted in a verdict and judgment against the Cincinnati Bank. Petition in error was filed and the case taken to the Court of Appeals, wherein it was heard upon the record, and the judgment of the Superior Court of Cincinnati was affirmed. After a general judgment of affirmance, the Court of Appeals ordered "that a special mandate be sent to the Superior Court of Cincinnati to carry this judgment into execution." An application by motion was made to the Supreme Court of Ohio to direct the Court of Appeals to certify its record to the Supreme Court for review. That motion was overruled.

Thereupon a petition for the allowance of a writ of error from this court was presented, which recited that the constitution and laws of the State of Ohio and the decision of the Supreme Court in *City of Akron* v. *Roth*, 88 Ohio St. 456, show that the Supreme Court of Ohio has no jurisdiction of the case in view of its refusal to direct the Court of Appeals to certify its record to that court, and that on February 1, 1916, the record of the case was returned to the Superior Court of Cincinnati with the mandate of the Court of Appeals affirming the judgment of the Superior Court of Cincinnati, and a writ of error was asked to bring up for review the order and judgment of the Superior Court. A writ of error was allowed and issued, running to the Superior Court of Cincinnati, reciting that it was the highest court of record in the State in which a decision in the cause could be had. In pursuance of that writ the record was certified from the Superior Court of Cincinnati to this court.

The Judicial Code, § 237, provides that a final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is against their validity, etc., may be re-examined and reversed or affirmed in this court upon writ of error.

We are of opinion that in this case the writ of error should have been directed to the Court of Appeals, as that, under the constitution and laws of the State of Ohio, is the highest court in which a final judgment could be rendered in this case in view of the refusal of the Supreme Court of Ohio to grant the motion to certify to it the record of the Court of Appeals. *Stratton* v. *Stratton,* 239 U. S. 55; *Valley Steamship Co.* v. *Wattawa,* 241 U. S. 642.

By the new constitution of Ohio and subsequent legislation, a system of courts of original and appellate jurisdiction was established in that State. Section 1576, General Code, as amended, 103 Ohio Laws, 415, provides, among other things, that "the superior court of Cincinnati, in respect to the form and manner of all pleadings therein, and the force and effect of its judgments, orders, or decrees, is a court of general jurisdiction." Section 12247 provides that "a judgment rendered or final order made by a court of common pleas or by the superior court of Cincinnati, or by a judge of either of such courts, may be reversed, vacated or modified, by the court of appeals having jurisdiction in the county wherein the common pleas or superior court is located, for errors appearing on the record." Section 1684 provides that "the supreme court or the court of appeals may remand its final decrees, judgments, or orders, in cases brought before it on error or appeal, to the court below, for specific or general execution thereof, or to the inferior courts for further proceedings therein."

Reference to the record in this case shows that the Court of Appeals ordered "that a special mandate be sent to the Superior Court of Cincinnati to carry this judgment into execution;" that is, to carry into effect the judgment of the Court of Appeals.  There was no direction that the Superior Court enter any judgment in the case; on the contrary, its judgment was specifically affirmed upon the record sent to the Court of Appeals, and the only mandate directed was to carry into effect in the Superior Court, by execution, the judgment of the Court of Appeals.

In this state of the record, it is clear that the writ of error in this case, when allowed, should have been directed to the Court of Appeals, requiring it to certify to this court its proceeding and judgment for review here, that court being the highest court of the State in which a judgment in the case could be rendered.

It follows that the writ of error in this case must be dismissed.

*Dismissed.*