## CUYAHOGA RIVER POWER COMPANY *v.* NORTH-ERN REALTY COMPANY ET AL.

### ERROR TO THE COURT OF APPEALS, EIGHTH DISTRICT, OF THE STATE OF OHIO.

No. 342. Argued May 8, 9, 1917.—Decided June 4, 1917.

The Supreme Court of Ohio, after refusing to review a judgment of the Ohio Court of Appeals by certiorari, dismissed a writ of error to the judgment for want of jurisdiction. *Held,* that under Jud. Code, § 237, the writ of this court ran properly to the Court of Appeals. *Stratton* v. *Stratton,* 239 U. S. 55.

In a controversy in the courts of Ohio over the right of one corporation to condemn land of another, *Held,* that the existence of the petitioning corporation, its right to condemn, its inability to agree as to compensation to be paid for the property, and the necessity for the appropriation, were matters depending purely on the local law.

It not appearing otherwise whether the judgment of the Ohio Court of Appeals was based on provisions of local law or upon a question which was raised under the Federal Constitution, *semble,* that the action of the Supreme Court of the State in dismissing a writ of error to the judgment for want of jurisdiction, upon the express ground that no question under the state or federal constitutions was involved in the judgment, would warrant this court in concluding that the judgment had a non-federal basis only.

Where the judgment of a state court may rest upon either a federal or a non-federal ground, and the basis actually adopted does not appear by the state court's opinion or otherwise, this court has no jurisdiction to review.

Dismissed.

THE case is stated in the opinion.

*Mr. Carroll G. Walter,* with whom *Mr. William Z. Davis* and *Mr. John L. Wells* were on the briefs, for plaintiff in error.

*Mr. Joseph S. Clark,* with whom *Mr. John C. Weadock* and *Mr. T. H. Hogsett* were on the briefs, for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Cuyahoga River Power Company, plaintiff in error, was chartered under the laws of Ohio to build and maintain a system of dams, canals and locks in the Big Cuyahoga River for the generation of electricity for light, heat and other purposes. The corporation was granted authority to acquire by condemnation or purchase property necessary for the conduct of its business. In January, 1911, the Power Company commenced this action against the Northern Realty Company, one of the defendants in error, to condemn a large tract of land owned by it adjacent to the river. After the suit was brought this land was sold by the defendant company and was ultimately acquired by The Northern Ohio Traction & Light Company, chartered by the State to operate an interurban electric railway and upon the land thus bought by it after the commencement of the suit that company for its charter purposes built and was operating two large power plants.

Upon its own motion the Traction Company was made a party to the pending suit for expropriation. In conformity with the Ohio statutes regulating the procedure in eminent domain, four preliminary questions were required to be passed upon by the court without a jury, and if decided in favor of the plaintiff, a jury was then required to determine the question of compensation. The four preliminary questions were these: (a) The existence of the petitioning corporation, (b) its right to make the appropriation; (c) its inability to agree as to the compensation to be paid for the property and (d) the necessity for the appropriation. The defendants not only relied upon these four preliminary propositions but also resisted the taking on the ground that a condemnation of the land under the petition of the Power Company would be incon-

sistent with and destructive of the public use to which the land had been applied by the Traction Company. The court did not come to a jury trial on the question of compensation because, after hearing evidence on the preliminary issues, on motion of the defendants it entered an order dismissing the petition, no reason for such decision having been expressed.

The case was taken to the Court of Appeals, it being assigned as error that the trial court had erred in its rulings on the four preliminary questions, and it was further alleged that the refusal of the court to order the condemnation of the land upon the theory that it was not subject to be condemned because after the suit had been brought it had been acquired by the Traction Company and by it dedicated to a public use, constituted an impairment of the contract rights of the plaintiff and a taking of its property without due process of law in violation of the Constitution of the United States. Following a judgment of affirmance without a written opinion, the Power Company applied to the Supreme Court of the State to direct the Court of Appeals to certify the record for review, which was denied, and a writ of error which was prosecuted to the Court of Appeals from the Supreme Court was dismissed for want of jurisdiction for the stated ground that the case did not "involve any question arising under the Constitution of the United States or the State of Ohio." Because of the asserted denial of the alleged federal rights referred to the case is here, the writ of error being directed to the Court of Appeals.

Our jurisdiction to review is challenged by a motion to dismiss based upon two grounds which we consider separately.

1. It is contended that as under § 237 of the Judicial Code we have jurisdiction to review only final judgments of the highest court of the State in which a decision could be had, the writ of error should have been prosecuted to

the Supreme Court of Ohio. In view, however, of the denial by that court of the application to direct the Court of Appeals to certify the record for review, and its order dismissing the writ of error for want of jurisdiction, the contention is without merit. *Stratton* v. *Stratton*, 239 U. S. 55; *Valley Steamship Company* v. *Wattawa*, 241 U. S. 642; *Second National Bank* v. *First National Bank*, 242 U. S. 600.

2. It is contended that, conceding the existence of federal questions in the case, nevertheless as there were independent state grounds broad enough to sustain the judgment, there is no jurisdiction. We think the contention is sound. Despite some suggestion to the contrary it is certain that the four preliminary propositions concerned purely local law and, if decided adversely to the plaintiff, were broad enough to sustain the judgment irrespective of the merits of the federal question which it is insisted was involved in the particular defence made by the Traction Company concerning the public character of the use to which it had applied the property and the consequent want of authority to take it for the benefit of the Power Company, which was submitted to the court along with the preliminary questions. Leaving aside any inference sustaining the view that the Supreme Court treated the preliminary questions as having been adversely decided and the constitutional questions as having been eliminated when it refused to order up the record for review, that conclusion is sustained by its express declaration made in refusing the writ of error that there was no question under the state or Federal Constitution involved,—a conclusion which if it had not been in so many words declared would, by necessary implication have resulted from the dismissal of the writ of error for want of jurisdiction since under the constitution and laws of Ohio if a question under the Constitution of the United States or the state constitution had existed, the duty to take jurisdiction would have been obvious.

But assuming that we are not controlled by the statement of the Supreme Court of Ohio on this subject and must determine it upon our own conception as to what was done by the court whose judgment is under review, the result would be the same. We so conclude because looked at from the point of view of the action of the trial court and of the Court of Appeals, the case presents the single question of what principle is to be applied where from an absence of an opinion expressed by the court below it is impossible to say whether its judgment was rested upon state questions adequate to sustain it independent of the federal questions or upon such federal questions, both being in the case. But the rule which controls such a situation has long prevailed and was clearly expressed in *Allen* v. *Arguimbau,* 198 U. S. 149, 154–155, where a writ of error to the Supreme Court of Florida was dismissed, as follows: "The Supreme Court of Florida gave no opinion, and, therefore, we are left to conjecture as to the grounds on which the pleas were held to be bad, but if the judgment rested on two grounds, one involving a Federal question and the other not, or if it does not appear on which of two grounds the judgment was based, and the ground independent of a Federal question is sufficient in itself to sustain it, this court will not take jurisdiction. *Dibble* v. *Bellingham Bay Land Company,* 163 U. S. 63; *Klinger* v. *Missouri,* 13 Wall. 257; *Johnson* v. *Risk,* 137 U. S. 300." *Bachtel* v. *Wilson,* 204 U. S. 36; *Adams* v. *Russell,* 229 U. S. 353.

*Dismissed for want of jurisdiction.*

MR. JUSTICE DAY and MR. JUSTICE CLARKE took no part in the consideration and decision of this case.