[L. A. No. 3954. In Chambers of the Chief Justice.—November 30, 1917.]

## J. M. TERRY, Respondent, v. SOUTHERN PACIFIC CO. (a Corporation), Appellant.

UNITED STATES COURTS—ERROR TO STATE COURT—JURISDICTION.—Where an appeal, taken to the supreme court, has been transferred to a district court of appeal, and the decision of that court has become final, such district court of appeal must be held to be the highest court in which a final judgment could be rendered in the cause, within the meaning of the United States statutes governing the question of allowing writs of error for the purpose of taking a cause to the United States supreme court, and a writ of error will lie to the district court of appeal only.

APPLICATION for a Writ of Error from the United States Supreme Court to the Supreme Court of the State of California.

The facts are stated in the opinion of the Chief Justice.

Henry T. Gage, W. I. Foley, and William I. Gilbert, for Appellant.

E. B. Drake, for Respondent.

ANGELLOTTI, C. J.—This is an application by the Southern Pacific Company, a corporation, for allowance of a writ of error from the United States supreme court to this court.

The appeal originally taken to this court was by express authorization of the provisions of the constitution of this state transferred to the district court of appeal of the second appellate district and has ever since remained within the jurisdiction of that court. Decision thereon was rendered by that court, affirming the judgment of the trial court on July 18, 1917, and that decision has become final. Subsequently thereto, in accord with certain provisions of our constitution, this court was asked to vacate the decision of the district court of appeal and order the cause transferred to this court for hearing and determination, and this application was denied, the court refusing to again assume jurisdiction of the cause.

In view of certain decisions of the United States supreme court I am of the opinion that, under the circumstances, within the meaning of the provisions of the United States statutes governing the question, the district court of appeal of the second appellate district must be held to be the highest court in which a final judgment could be rendered in this cause (see *Western Union Tel. Co.* v. *Crovo,* 220 U. S. 364, 366, [55 L. Ed. 498, 31 Sup. Ct. Rep. 399]; *Norfolk & S. Turnpike Co.* v. *Virginia,* 225 U. S. 269, [56 L. Ed. 1082, 32 Sup. Ct. Rep. 828]; *Mulcrevy* v. *City and County of San Francisco,* 231 U. S. 669, [58 L. Ed. 425, 34 Sup. Ct. Rep. 260]; *Second National Bank etc.* v. *First National Bank etc.,* 242 U. S. 600, [61 L. Ed. 518, 37 Sup. Ct. Rep. 236]), that a writ of error would therefore lie to that court only, and that I have no authority to allow the writ.

The application for a writ of error is denied.