In the Matter of the Application of CHARLES S. WHIT-
MAN, Appellant, for an Examination of Ballots, under
·Section 374 of the Election Law.

ALFRED E. SMITH, Respondent.

**Elections — order that examination of ballots, upon appli-
cation under section 374 of Election Law, shall take place
after completion of canvass, proper.**

Upon an application, under section 374 of the Election Law (Cons.
Laws, ch. 17), for an order permitting examination of ballots cast at
a general election and fixing the time therefor, the court may properly
consider facts relating to the canvass of the vote and determine that
it is proper, under the circumstances, that the examination should
not take place until after the canvass of all votes is completed.

*Matter of Whitman*, 185 App. Div. 228, affirmed.

(Argued December 6, 1918; decided December 10, 1918.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 3, 1918, which affirmed an order of Special
Term granting a motion for an order permitting exami-
nation of ballots cast for the office of governor in the
counties of New York and Bronx at the general election
held November 5, 1918.

The facts, so far as material, are stated in the opinion.

*A. S. Gilbert, Herbert R. Limburg* and *Emil E. Fuchs*
for appellant. The applicant is entitled to examine the
ballots forthwith as a matter of right. There was no
power in the court. to postpone the examination until
after the issuance of the certificate of election. (*Matter
of Quinn*, 220 N. Y. 623; *Matter of Rush*, 101 Misc.
Rep. 261.)

*Abram I. Elkus, James A. Foley, Edgar M. Cullen, John
Godfrey Saxe* and *Joseph M. Proskauer* for respondent.

[225 N. Y.]              Opinion, per CRANE, J.              [Dec.,

CRANE, J.    This is an application pursuant to section 374 of the Election Law (Cons. Laws, ch. 17) to examine the ballots in the last election cast ·for governor in the counties of New York and Bronx.    Upon the return of an order to show cause and the submission of opposing affidavits an order was made at the Special Term on the 20th day of November, 1918, authorizing the applicant, Charles S. Whitman, to examine all the ballots for said counties upon which his name appeared as a candidate for governor, including the void, protested or defective ballots and the stubs thereof.    Among other conditions it was provided that the examination be made in the office of the board of elections in the city of New York or at such other place as the board might designate, and that the examination should commence at nine o'clock on the day following the issuance of the certificate of election as governor by the secretary of state as provided by section 443 of the Election Law and continue thereafter daily without intermission so far as possible to the end that such examination be completed at the earliest possible moment.

Both the applicant and Alfred E. Smith, the opposing party, having appealed to the Appellate Division the order was affirmed by a divided court.    Appeal to this court has been taken by Charles S. Whitman, the said Smith not having carried his appeal beyond the Appellate Division.    No question, therefore, arises as to whether or not upon the papers presented the application for the examination should have been granted.    The only question presented by the applicant appealing pertains to that part of the order fixing the time for the examination on the day following the issuance of the certificate of election by the secretary of state.    It is stated in the moving papers dated November 11th, 1918, that the official canvass will not be completed for some six weeks. The order, it is claimed, should have directed the examina-

tion and inspection to have been made immediately or forthwith, and that the court had no power to delay it for six weeks or until the certificate of election has been issued.

If a discretion were given to the Special Term to fix the time of the examination, this court cannot review the order unless there be an abuse of power. (*Knickerbocker Trust Co.* v. *Oneonta, C. & R. S. R. R. Co.,* 197 N. Y. 391; *People ex rel. Flynn* v. *Woods,* 218 N. Y. 124.)

The provisions of section 374 under which this application was made are:

" Any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his name lawfully appeared as that of a candidate; but the court shall prescribe such conditions as of notice to other candidates or otherwise as it shall deem necessary and proper."

As to notice to the candidate, an order was presented by the applicant and granted requiring Alfred E. Smith to show cause why Charles S. Whitman should not examine the ballots cast at the general election and why an order should not be made providing *for the time* when and the manner in which such examination should be had.

Leaving aside all other considerations, the court upon this application could have taken into consideration the fact that the soldier vote had not yet been canvassed. Article XV of the Election Law, as amended by chapter 298 of the Laws of 1918, makes full provision for taking the vote of the soldiers and sailors of this state serving the nation in various parts of the country. After these votes have been received in the various commands, where the soldiers or sailors are stationed, it is provided that they shall be forwarded in envelopes to the secretary of state at Albany who, in turn upon proper notice, forwards them to the boards of election in each county, according to the residence of the voter. It is then

[225 N. Y.]        Opinion, per CRANE, J.        [Dec.,

enacted by subdivision 6 of section 513 that the board of inspectors in each election district, where the soldier and sailor vote is to be canvassed, shall convene for that purpose at ten o'clock in the forenoon on the sixth Tuesday after election. This year the sixth Tuesday falls on the seventeenth of December.

Considering the number of soldiers and sailors that New York state has furnished in this war, many of whom are now at the various encampments, it is impossible to say what the effect of this vote will have upon the result of the gubernatorial election. It is stated in the record on this appeal that the present margin between the opposing candidates is about 7,000 votes. It may be that when the soldier and sailor vote is counted, the purpose for which this order has been obtained may no longer exist.

The result, in any event, may be so conclusive as to avoid the necessity or desire for a further examination of any ballots. Whether this be so or not, the fact remains that the judge, to whom this application was made, could very justly have considered these matters, and have determined that it was proper, under the circumstances, that the examination should not take place until after the canvass of all votes had been completed.

Furthermore, the appellant fails to disclose any injustice that will be done him or any rights which will be lost or impaired by waiting until the time appointed.

It follows, therefore, that the order appealed from must be affirmed, without costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur.

Order affirmed.