CHASE WATCH CORPORATION, Appellant, *v.* IRVING HEINS, Respondent.

130

Argued April 9, 1940; decided October 8, 1940.

*Abraham Karp* for appellant.

*Shepard Broad* and *Jack D. Burris* for respondent,

LEHMAN, Ch. J.   The plaintiff in 1938 brought an action in the Municipal Court of the City of New York against the defendant to recover damages for the conversion of personal property of the alleged value of $100.   The summons was indorsed: " Plaintiff claims defendant is liable to arrest and imprisonment in this case."   The defendant appeared through his attorney, and entered a general denial but failed to appear at the trial.   Judgment was taken upon his default for $100 and $9.50 costs and disbursements. The judgment provides that " if execution against the property of the defendant is returned unsatisfied, plaintiff is hereby given leave to issue an execution against the person of the defendant."   Without serving a copy of the judgment on the defendant or his attorney, the plaintiff, after return unsatisfied of an execution against the defendant's property, caused an execution against the defendant's person to be issued and served.

After a writ of habeas corpus obtained by the defendant was dismissed, he moved in the Municipal Court for an order " vacating and setting aside the judgment heretofore entered in this action   *   *   *; vacating and setting aside the execution against the person of the defendant   *   *   *; releasing and discharging the defendant from the Common Jail of the County of Kings."   In opposition the plaintiff presented affidavits tending to show that the defendant was entitled to no relief, but stated that " if the defendant would file a surety company's bond or deposit in court the amount of the judgment, plaintiff, to show its utmost sincerity, will consent to give the defendant another day in court and upon compliance with such condition, consents to the discharge of the defendant from imprisonment."   Accordingly the court granted the defendant's motion only so far as consented to by the plaintiff and denied the defendant's motion to vacate the execution against his person.

The defendant did not thereafter give the security required by the court as a condition precedent to any relief, but

took an appeal from the order of the court. The Appellate Term of the Supreme Court unanimously modified the order " *upon the law* " by providing that the execution issued against the person of defendant be vacated and thereafter the Appellate Division affirmed the order of the Appellate Term and granted leave to appeal to this court, certifying for review the question: " Should the motion to vacate the execution issued against the person of the defendant have been granted? "

The right to an order of arrest or to an attachment against the person of a defendant in a civil action is created, defined and regulated by statute. The Civil Practice Act in section 504 provides that " * * * * a final judgment may be enforced by execution; (1) where it is for a sum of money * * *; " and in section 764 provides that " where a judgment can be enforced by execution, as prescribed by section five hundred and four of this act, an execution against the person of the judgment debtor may be issued thereupon * * * (1) where the plaintiff's right to arrest the defendant depends upon the nature of the action." The judgment against the defendant is for a sum of money in an action where the plaintiff has a " right to arrest depending upon the nature of the action " as defined and provided in section 826 of the Civil Practice Act. The right of the plaintiff to enforce the judgment by execution against the defendant's person is indeed not challenged; but the Rules of the Municipal Court of the City of New York provide that " no execution shall be issued against any party who has appeared by an attorney in an action, unless a copy of the judgment has been duly served on the adverse party or his attorney, and proof of service thereof is filed with the clerk " (Rule XIX, subd. C, now rule XXV), and the defendant urges that disregard of this procedural direction or command constitutes such a defect or irregularity that he is entitled as *matter of right* to an order vacating the execution.

The Civil Practice Act provides in its first section that " this act * * *, except as otherwise expressly provided, shall apply to the civil practice in all the courts

of record of the state." The New York City Municipal Court Code (L. 1915, ch. 279) contains specific provisions relating to executions against the person or property of a defendant. (Cf. Municipal Court Code, §§ 25, 130–142.) To the extent that these sections are inconsistent with the general provisions of the Civil Practice Act, they supersede the general provisions, but neither in these sections nor in any other statute has the Legislature directed that no execution shall be issued before a copy of the judgment is served on the judgment debtor or his attorney and proof of such service filed. The primary question presented upon this appeal is whether the Legislature in providing that the " board of justices may adopt and amend rules relating to the following subjects: (1) The forms and practices of the court, including forms of pleading and all matters of procedure not specifically provided for by law * * * " (Municipal Court Code, § 8), intended to delegate to the board power to decree that the general provisions of the Civil Practice Act shall be superseded by special provisions contained in the rules; or power to add to the provisions of the Civil Practice Act, intended to cover the subject completely, and which by legislative command shall apply except *as otherwise provided* " to the civil practice in all the courts of record of the state," new provisions of equal force which shall apply only to the " civil practice " in the Municipal Court. Not unconnected with that problem is the question whether the rule was intended to be directory only or was intended to deny any force to an execution issued in disregard of its direction or command.

The respondent urges that since section 15 of the Municipal Court Code provides that " except as otherwise provided in this act *or in the rules*, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, *any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding*," the Board of Justices has plenary

power by rule to regulate the entire " civil practice " in the Municipal Court regardless of any provision or limitations contained in the Civil Practice Act. Section 15 does not itself confer any power upon the Board of Justices to make any rules or to change in any manner the " practice, pleadings, forms and procedure " in the Municipal Court. Rule-making power is conferred and defined by section 8, and no rule is valid which transcends the limits of the rule-making power as there defined. Like the rule-making power conferred upon other judicial bodies it is intended to supplement but not to supersede statutes enacted by the Legislature. The rule-making power of the Court of Appeals and of the justices of the Appellate Division in the four departments, conferred by sections 51 and 82 of the Judiciary Law (Cons. Laws, ch. 30), is subject to the express limitation that the rules shall not be inconsistent with any statute. The rule-making power conferred by the Legislature upon the Board of Justices of the Municipal Court extends only to the subjects therein specified, and among other things " the forms and practices of the court, including forms of pleading and all matters of procedure *not specifically provided for by law.*" The power so conferred is certainly not broader than the rule-making powers conferred upon the Court of Appeals or the justices of the Appellate Division by the Judiciary Law, and like those powers excludes the power to adopt rules inconsistent with the provisions of the Civil Practice Act which cover the same field. It cannot be used to extend or limit the jurisdiction of the court as defined by statute but by its own terms is confined to the field of " forms and practices " in the Municipal Court, and even in " matters of procedure " the power may be exercised only to fill in gaps where the law has failed to make provision. Section 15 was intended to insure that " as nearly as may be " there shall be uniformity of practice in the Municipal Court and in the Supreme Court. There may be variation only where the Municipal Court Code so provides, and in those matters where the law has failed to make provision and the judges of the Municipal Court have

exercised power to fill in the gaps. The words "any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding," far from indicating a legislative intent to authorize variation by rule in matters of procedure "specifically provided for by law" otherwise applicable to the Municipal Court, were intended to make provisions of law applicable *also* to that court even where a statute might have limited their application to the Supreme Court. The words are not open to any other construction. The section was adopted before the Civil Practice Act was enacted and "insures the application to the Municipal Court of provisions of the Code of Civil Procedure notwithstanding section 3347 thereof, a section which has produced much conflict of authority." (See note to section 15 of Municipal Court Code, appended to Parsons Code, 1920, edited by John T. Fitzpatrick and Austin B. Griffin.)

Even so limited, the rule-making power is doubtless sufficient to authorize the Board of Justices to adopt rules directing when and where its judgments should be filed before process or order is issued to enforce them, but statutory commands of that nature are ordinarily given only directory force, and the court is not, as matter of law, required to vacate its order or process issued in disregard of the statutory commands but may permit the defect to be cured by belated obedience. (Cf. *Thompson* v. *Friedberg*, 54 How. Pr. 519; *Mather* v. *Hannaur*, 55 How. Pr. 1.) The rule is subject to serious challenge only if it is construed as a limitation imposed upon the jurisdiction of the court or the rights of the plaintiff created and defined by the provisions of the Civil Practice Act, and only if it is so construed was the court bound as matter of law to vacate the plaintiff's execution.

An analogous situation was presented in *Broome County Farmers' F. R. Assn.* v. *New York State Elec. & Gas Corp.* (239 App. Div. 304; affd., 264 N. Y. 614). There the court gave only directory force to a General Rule of Practice challenged as inconsistent with the provisions of the Civil Practice Act. We give similar construction and force to the rule of the Municipal Court in this case.

The order of the Appellate Division and that of the Appellate Term should be reversed and the order of the Municipal Court affirmed, without costs. The certified question should be answered in the negative.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.