GOTTHILF *v.* SILLS ET AL.

No. 50. Argued October 24, 1963.—Decided November 18, 1963.

*O. John Rogge* argued the cause and filed briefs for petitioner.

*Theodore Charnas* argued the cause and filed a brief for respondents.

*Louis J. Lefkowitz,* Attorney General of New York, filed a brief as *amicus curiae,* urging dismissal of the writ as improvidently granted or, in the alternative, affirmance. With him on the brief was *Paxton Blair,* Solicitor General.

PER CURIAM.

The Supreme Court of New York County issued an order granting body execution (N. Y. Civ. Prac. Act § 764) against petitioner for failure to pay a money judgment which had been finally entered against him in that court in an action premised on fraud and deceit. On appeal to

the Appellate Division, First Judicial Department, petitioner attacked § 764 as being violative of both the state and federal constitutions. The order was affirmed, 17 App. Div. 2d 723. Petitioner then filed a motion in the Court of Appeals of New York for leave to appeal (N. Y. Civ. Prac. Act § 589) which was dismissed for want of jurisdiction because "the order sought to be appealed from does not finally determine the action within the meaning of the Constitution." 12 N. Y. 2d 761, 186 N. E. 2d 563. See *Chase Watch Corp.* v. *Heins,* 283 N. Y. 564, 27 N. E. 2d 282 (1940); cf. *Knickerbocker Trust Co.* v. *Oneonta, C. & R. S. R. Co.,* 197 N. Y. 391, 90 N. E. 1111 (1910). An appeal to the Court of Appeals as of right (N. Y. Civ. Prac. Act § 588) was dismissed on the same ground. 12 N. Y. 2d 792, 186 N. E. 2d 811. Certiorari was granted to review the judgment of the Appellate Division, First Judicial Department. 372 U. S. 957.

Section 589 of the New York Civil Practice Act provides *inter alia* that appeals from nonfinal orders can only be taken to the Court of Appeals by leave of the Appellate Division upon certified questions. The petitioner at no time applied to the Appellate Division for such permission. It therefore appears that the Appellate Division, First Judicial Department, "was not the last state court in which a decision of that [constitutional] question could be had." *Gorman* v. *Washington University,* 316 U. S. 98, 100 (1942). The judgment of the Appellate Division is not that of the "highest court of a State in which a decision could be had" within the meaning of 28 U. S. C. § 1257. Whether, under the same section, that judgment is "final," a question of purely federal law, involves entirely different considerations. The petition for certiorari was therefore improvidently granted and the writ is

*Dismissed.*

Mr. Justice Douglas, with whom The Chief Justice and Mr. Justice Black concur, dissenting.

The majority concludes that petitioner is not seeking review of the decision of the "highest court of a State in which a decision could be had" within the meaning of 28 U. S. C. § 1257. It is said that petitioner could have, by employment of the certified question procedure, obtained a full review of his constitutional questions by the New York Court of Appeals, but instead chose a route that resulted in the dismissal of his appeal.

The determination of the Court of Appeals that this body execution order is a nonfinal order subject to appeal only *via* the certified question route came as a surprise. Theretofore, the *one and only* New York case involving a body execution order and the question of how one should obtain review in the Court of Appeals was *Chase Watch Corp.* v. *Heins,* 283 N. Y. 564, 27 N. E. 2d 282, decided in 1940. The *creditor* took an appeal from an order of the Appellate Division *vacating* an order authorizing body execution. 258 App. Div. 968, 17 N. Y. S. 2d 880. The Court of Appeals dismissed on the ground that the order was not final, giving the creditor, however, 20 days within which to seek certification of a question from the Appellate Division. This was done (259 App. Div. 888, 18 N. Y. S. 2d 742) and the creditor ultimately prevailed (284 N. Y. 129, 29 N. E. 2d 646). It is argued that the *Chase Watch* case clearly established the type of procedure that petitioner should have followed. The vacation of a body execution order, however, as in *Chase Watch,* is far less final than the converse, which is the present case. In *Chase Watch,* the order determined nothing finally; the creditor was merely momentarily frustrated in his collection efforts, and was forced to rely on other devices. Here, on the other hand, the debtor

faces incarceration; he has fought for his right to remain out of jail; and he has lost. If he lacks money with which to pay the judgment, nothing further is available for him by New York law. The case illustrates that concepts of finality in one context cannot always be transferred to another.

In my opinion, petitioner might reasonably have concluded that a final order had been entered in this case and that *Chase Watch* did not control. Therefore, his action in docketing an appeal in the Court of Appeals, and not invoking the certification procedures applicable only to nonfinal orders, was justifiable as a matter of federal law. The decision of the Court of Appeals in this case establishes, of course, as a matter of state law that the order was not final. While that determination is binding on us, it does not preclude us from holding that the decision was sufficiently unexpected so as not to bar, in the interests of justice, the certiorari route here. See *NAACP* v. *Alabama,* 357 U. S. 449, 457–458:

> "Novelty in procedural requirements cannot be permitted to thwart review in this Court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights."

The current decision was a surprise which could not reasonably be anticipated, and it was then too late for petitioner to avail himself of the new procedure.

While 28 U. S. C. § 1257 also requires that judgments brought here for review be "final," we have recognized an exception—sometimes even to the point of reviewing interlocutory decrees—where the controversy has proceeded to a point where the "losing party [will] . . . be irreparably injured if review [is] . . . unavailing." *Republic Natural Gas Co.* v. *Oklahoma,* 334 U. S. 62, 68.

Unless the case is reviewed now, petitioner goes to jail— or stays outside New York.*

In my opinion the case is properly here and the Court should consider, on the merits, the constitutional questions presented.

---

*There is no suggestion that after the Court of Appeals dismissed the appeal, petitioner should have repaired once more to the Appellate Division for a certificate or in the words of Section 592, 5 (c) of the New York Civil Practice Act "for permission to appeal." It should be noted, however, that this procedure is available only with qualifications, as that sub-section makes the granting of the application contingent not only on the discretion of the Appellate Division but also on the explicit proviso "that the proceedings have not been improperly delayed."