[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 05-12100, 05-13021

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
04-00184-CV-BAE-4
05-00062-CV-4

GERARD JOSEPH PUGH,

Petitioner-Appellant,

versus

HUGH SMITH,
Warden,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

**(September 29, 2006)**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PRYOR, Circuit Judge:

The main issue in this appeal involves the timeliness of a federal habeas petition, which depends upon when a Georgia conviction became final on direct appeal. A petition for a writ of habeas corpus must be filed within a year after the petitioner's conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Gerard Joseph Pugh appeals the dismissal of his habeas petition as untimely under this rule. Pugh appealed his conviction to the Georgia Court of Appeals, but not to the Supreme Court of Georgia. The district court concluded that Pugh's conviction became final 10 days after the Georgia Court of Appeals affirmed his conviction, because Pugh could have sought review during that period in the Supreme Court of Georgia. If Pugh instead was entitled to seek in the Supreme Court of the United States review of the judgment of the Georgia Court of Appeals, then his conviction would have become final upon the expiration of the 90-day period for seeking that review, and his habeas petition would be timely. Because we conclude that the Supreme Court of Georgia was the highest court of the state in which direct review of Pugh's conviction could have been had, Pugh's failure to seek review in that court means that he was not entitled to seek review in the Supreme Court of the United States and not entitled to the 90-day period for

2

seeking that review. We affirm the dismissal of Pugh's habeas petition as untimely.

## I. BACKGROUND

On March 26, 1997, a grand jury in Chatham County, Georgia, indicted Pugh on charges of aggravated assault and burglary. Pugh was convicted of aggravated assault and sentenced to 20 years of imprisonment. The Georgia Court of Appeals affirmed Pugh's conviction and sentence on August 13, 2001. Fourteen months later, on October 11, 2002, Pugh filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County, Georgia, and that court denied Pugh's petition on March 8, 2004. Pugh's application for a certificate of probable cause to appeal that decision was denied on October 13, 2004.

On October 27, 2004, Pugh filed pro se a petition for a writ of habeas corpus in the Southern District of Georgia. 28 U.S.C. § 2254. Pugh's petition alleged, among other things, "Counsel didnt appeal direct appeal to Supreme Court of GA . . . ." The warden of Pugh's prison, Hugh Smith, filed an answer that asserted untimeliness as a defense, a motion to dismiss the petition as untimely based on the expiration of the one-year statute of limitations, and a brief in support of that motion, which noted that Pugh "did not move for reconsideration or file a certiorari petition to the Georgia Supreme Court" after the

3

Court of Appeals affirmed his conviction. 28 U.S.C. § 2244(d). Pugh filed a response to Smith's answer, in which he alleged attorney negligence; a response to Smith's motion to dismiss, in which he argued that his attorneys had failed to file "sentence Modification, appeal to higher court in motion for New trial and motion to Reconsideration after Court of Appeal decision" and that "I filed but never get a response before (10) ten day time frame"; and a response to Smith's brief in support of the motion to dismiss, in which he asserted, "When Court of Appeal and GA Supreme Court handed there decision I responded to the courts."

A magistrate judge issued a report and recommendation that Pugh's petition be dismissed as untimely because the statute of limitations had expired and Pugh "ha[d] not alleged any other grounds for tolling of the limitations period." Pugh filed objections and argued in part:

> [L]et's remember I am not the only person filing petition or other document in these court of GA or law, and that I stated earlier I filed notice of appeal get no response, filed motion to reconsider got not response. Both court of appeal and Ga Supreme Court did say nothing was received from me, so a writ heabus corpus was file.

The district court adopted the report and recommendation over Pugh's objection, granted Smith's motion, and dismissed Pugh's petition as untimely. The district court denied Pugh a certificate of appealability, but we granted a certificate of

4

appealability to determine whether the district court erred when it dismissed Pugh's petition as untimely.

On April 18, 2005, Pugh filed pro se a second habeas petition in the Southern District of Georgia. The district court dismissed the petition as impermissibly successive. We granted a certificate of appealability to determine whether the district court erred when it dismissed the petition as impermissibly second or successive, and we consolidated Pugh's appeals. Pugh has conceded that the second petition was impermissibly successive, so that issue has been abandoned and is no longer before us. See Cheffer v. Reno, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995).

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. We review de novo the dismissal of a petition for a writ of habeas corpus as untimely. Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004). We review for abuse of discretion the denial of an evidentiary hearing for a habeas petition. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002).

## III. DISCUSSION

To resolve this appeal, we must consider two issues. First, we address whether Pugh was entitled, after the Georgia Court of Appeals affirmed his

conviction, to seek review in the Supreme Court of the United States without first seeking review in the Supreme Court of Georgia. Second, we address whether the district court abused its discretion by denying Pugh an evidentiary hearing to determine whether he had filed a petition for a writ of certiorari in the Supreme Court of Georgia or was entitled to equitable tolling.

*A. Because the Supreme Court of Georgia Was Available to Review Pugh's Conviction on Direct Appeal, Pugh Was Not Yet Entitled to Petition the Supreme Court of the United States and Was Not Entitled to the 90-Day Period for Filing That Petition.*

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations, and that year commences on the date the conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This statute of limitations allows a prisoner the time to seek direct review in the Supreme Court of the United States. Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000). If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction. Cf. Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003) (applying the one-year statute of limitations for federal habeas petitions, 28 U.S.C. § 2255). If he does not petition

6

the Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002); Nix, 393 F.3d at 1237.

The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. U.S. Sup. Ct. R. 13.1. In the absence of a clear statutory or constitutional bar to higher state court review, see, e.g., Brown v. Texas, 443 U.S. 47, 50, 99 S. Ct. 2637, 2640 (1979), the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari. See, e.g., Stratton v. Stratton, 239 U.S. 55, 56, 36 S. Ct. 26, 27 (1915); Gotthilf v. Sills, 375 U.S. 79, 80, 84 S. Ct. 187, 188 (1963); Banks v. California, 395 U.S. 708, 708, 89 S. Ct. 1901, 1901 (1969); Sandquist v. California, 419 U.S. 1066, 1066, 95 S. Ct. 651, 651 (1974).

Whether Pugh was entitled to seek direct review in the Supreme Court of the United States determines the timeliness of his federal habeas petition. If Pugh, on the one hand, was entitled to seek review of his conviction in the Supreme Court of Georgia after the Georgia Court of Appeals affirmed his conviction on

7

August 13, 2001, then Pugh's conviction became final on August 23, 2001, when the 10-day period for seeking review in the Supreme Court of Georgia expired. See Ga. Sup. Ct. R. 38(2). In that event, the limitation period expired on August 22, 2002. If Pugh, on the other hand, was entitled to petition the Supreme Court of the United States to review the judgment of the Georgia Court of Appeals without first seeking review in the Supreme Court of Georgia, then his conviction became final on November 12, 2001, which was 90 days after the decision of the Georgia Court of Appeals. In that event, 41 days of the limitation period would have remained on October 11, 2002, when Pugh filed his state habeas petition. That filing would have tolled the limitation period until October 13, 2004, when Pugh's application for a certificate of probable cause to appeal the denial of the habeas petition was denied. See 28 U.S.C. § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1038 (11th Cir. 2002). Pugh filed his federal habeas petition on October 27, 2004, which was 27 days before the one-year limitation period would have expired.

In our decisions regarding the timeliness of habeas petitions filed by Florida prisoners, we have required the inclusion of the 90-day period for seeking direct review in the Supreme Court whenever the prisoner sought review in the highest court of Florida in which direct review could have been had. In Nix, for example,

8

we held that a Florida prisoner's conviction became final 90 days after the Florida district court of appeal affirmed his conviction, because the prisoner could have sought review in the Supreme Court of the United States without first seeking review in the Supreme Court of Florida. Nix, 393 F.3d at 1237. In Bond, the conviction of another Florida prisoner, who was entitled to seek review in the Supreme Court of Florida, became final 90 days after that court denied his motion for rehearing. Bond, 309 F.3d at 774.

We have not yet considered when a Georgia conviction becomes final, but Smith argues that the court of last resort in Georgia is its supreme court. Pugh concedes the point, and we agree. Although the Georgia Constitution circumscribes review by the state supreme court and vests the remainder of appellate jurisdiction in the court of appeals, Ga. Const. Art. VI, § VI, ¶¶ II-V; id. § V, ¶ III, the certiorari jurisdiction of the supreme court to hear cases of "great public importance," Ga. Const. Art. VI, § VI, ¶ V; Ga. Code § 5-6-15; Ga. Sup. Ct. R. 40, according to that court, "places no limit on [its] certiorari jurisdiction." State v. Tyson, 273 Ga. 690, 692, 544 S.E.2d 444, 446 (2001). The Supreme Court of Georgia was the highest court in the state in which a decision on direct review of Pugh's conviction could have been had. Because Pugh was not entitled to petition the Supreme Court of the United States for a writ of certiorari and was

9

not entitled to the 90-day period for filing that petition, Pugh's conviction became final on August 23, 2001, which was more than a year before he filed his first petition for habeas relief in state court.

### B. The District Court Did Not Abuse Its Discretion When It Did Not Hold an Evidentiary Hearing.

Although Pugh concedes that the Supreme Court of Georgia was available to review his conviction, Pugh argues that the district court erred by not holding an evidentiary hearing to determine whether he, in fact, sought direct review in that court or was otherwise entitled to equitable tolling. We disagree. "Section 2244 of Title 28 of the United States Code does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." Drew v. Dep't of Corr., 297 F.3d 1278, 1292 (11th Cir. 2002). An evidentiary hearing may be necessary "[w]here the material facts are in dispute," Turner v. Crosby, 339 F.3d 1247, 1274 (11th Cir. 2003), but "'[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics.'" Drew, 297 F.3d at 1293 n.7 (quoting Tejida v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)).

The cryptic allegations in Pugh's pro se pleadings in the district court, even when construed liberally, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), did not create a dispute of material facts about the timeliness of Pugh's petition. On the contrary, Pugh's habeas petition admitted, even before Smith moved to dismiss the petition as untimely, that his attorneys on direct appeal had not sought review in the Supreme Court of Georgia. Smith then alleged and Pugh did not dispute that the Georgia courts had no record of Pugh's filing of a petition in the Supreme Court of Georgia. The record provided no basis for further inquiry by the district court.

Neither did the record suggest a need for an evidentiary hearing regarding equitable tolling. At most, Pugh alleged attorney negligence, which is not a ground for the "extraordinary remedy" of equitable tolling. Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005). A prisoner is not entitled to equitable tolling unless he demonstrates both diligence in his efforts to file a timely petition and extraordinary and unavoidable circumstances. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006). Pugh bore the burden of establishing that equitable tolling was warranted, Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323, 1330 (11th Cir. 2006), but Pugh's allegations actually undermined any suggestion of diligence on his part. The district court did not abuse its discretion by failing to inquire

11

further, when Pugh alleged nothing that would have called into question either the untimeliness of his petition or his entitlement to equitable tolling.

## IV. CONCLUSION

The dismissal of Pugh's habeas petition is

**AFFIRMED.**