[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15577
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-01975-VMC-AEP

ELIGIO GOMEZ-MUNIZ,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 7, 2017)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Eligio Gomez-Muniz ("Muniz"), a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court concluded that Muniz was not entitled to equitable tolling of the AEDPA's statute of limitations despite his allegations that his attorney abandoned him. On appeal, Muniz argues that he was entitled to equitable tolling or that he was, at least, entitled to an evidentiary hearing on the issues of his diligence and his attorney's abandonment. We find that the district court abused its discretion in dismissing Muniz's petition without an evidentiary hearing, and vacate and remand for the district court to conduct an evidentiary hearing on Muniz's potential entitlement to equitable tolling based on counsel's alleged abandonment.

We review *de novo* the district court's dismissal of a § 2254 petition as untimely. *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). A § 2254 petition is governed by a one-year statute of limitations period that begins to run on the latest of four triggering events, including the date on which the challenged judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1), (d)(1)(A). A Florida prisoner has 30 days from the day a judgment was entered to seek direct review. Fla. R. App. P. 9.110(b). State prisoners toll the federal limitations period while

properly filed state postconviction actions are pending.  28 U.S.C. § 2244(d)(2).

"A state-court petition . . . that is filed following the expiration of the limitations

period cannot toll that period because there is no period remaining to be tolled."

*Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

We review *de novo* a district court's denial of equitable tolling, but review

for abuse of discretion the denial of an evidentiary hearing on equitable tolling.

*Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011).  If the

facts alleged in the habeas petition are insufficient to make the petition timely, the

district court did not abuse its discretion.  *Id.*  The petitioner carries the burden to

establish the need for an evidentiary hearing, which requires the habeas petition to

allege specific facts that, if true, would warrant relief.  *Id.*  Conclusory allegations

are not enough to warrant a hearing.  *Id.* at 1061.

A petitioner is entitled to equitable tolling where he shows "(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631,

649 (2010) (quotation omitted).  While "a garden variety claim of excusable

neglect, such as a simple miscalculation that leads a lawyer to miss a filing

deadline, does not warrant equitable tolling," the statute of limitations may be

tolled for "far more serious instances of attorney misconduct."  *Id.* at 651–52

(citations and quotations omitted).

3

In the context of procedural default, the Supreme Court emphasized the distinction between mere attorney negligence and attorney abandonment. *Maples v. Thomas*, 565 U.S. 266, 281–83 (2012). In *Maples*, the Supreme Court held that the petitioner demonstrated cause for his failure to comply with a state procedural rule that resulted in his procedural default because his counsel stopped representing him without leave of court and without informing him, and he held no reason to believe that his attorney was no longer representing him. *Id.* at 270–71, 288–89.

Here, Muniz's § 2254 petition was filed outside the AEDPA's statute of limitations because it was filed more than one year after his conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1), (d)(1)(A). However, because Muniz alleged facts in his petition and pleadings that, if true, would warrant relief based on attorney abandonment, he was entitled to an evidentiary hearing. *See Holland*, 560 U.S. at 649, 651–52; *Chavez*, 647 F.3d at 1060–61. In his memorandum in support of his § 2254 petition, Muniz alleged, among other things, that his attorney failed to communicate with him and failed to know and abide by the law, which prevented Muniz from filing a federal habeas petition. He also alleged his attorney sent correspondence to the wrong address. He argues that he believed his attorney was representing him, and had no reason to believe his attorney was not working on his case until after his time limit already expired. Furthermore, he was

particularly dependent upon his attorney because he spoke no English and could not access legal resources in his native language. In his unnotarized affidavit, he alleged that his brother attempted to contact his attorney and was told in October 2012 that his attorney would file an amended motion within a few months. If Muniz could provide evidence at a hearing showing that his attorney failed to notify him that he was withdrawing from the case and failed to communicate with Muniz until after the statute of limitations already expired—especially if that evidence showed Muniz continued to seek updates from his attorney throughout the tolling period—then Muniz would likely meet the standard for diligence and an extraordinary circumstance that would trigger equitable tolling. Thus, the district court abused its discretion by dismissing Muniz's § 2254 petition as untimely without holding an evidentiary hearing on the issue of his diligence and his attorney's alleged abandonment. Accordingly, we remand for the district court to conduct an evidentiary hearing on Muniz's entitlement to equitable tolling.

**REMANDED WITH INSTRUCTIONS.**