## SOUTHERN ELECTRIC COMPANY *v.* STODDARD, SUPERINTENDENT.[1]

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 42. Submitted October 14, 1925.—Decided November 23, 1925.

In proceedings brought by the New York Superintendent of Insurance to liquidate the business of a New York insurance company, the claim of a creditor who had recovered judgment against the company in a federal court in another State, to payment out of existing assets, was disallowed by the Supreme Court of New York, Special Term, upon the ground that, under the New York insurance law, the claim, having arisen after the date when the property was taken over for liquidation, must be postponed to claims previously arisen. The order of disallowance was affirmed by the Appellate Division. The creditor throughout the proceedings invoked the full faith and credit clause, the contract clause, and the Fourteenth Amendment of the Federal Constitution. *Held*, in view of an interpretation by the New York Court of Appeals—

1. That the order of the Appellate Division was an order entered upon a decision which finally determined an action or special proceeding within § 588, paragraph 1, of the New York Civil Practice Act, and, under that paragraph, because of the constitutional questions involved, was appealable as of right to the Court of Appeals. P. 188.

2. Therefore, under § 237, Judicial Code, as amended September 6, 1916, the claimant not having applied to the Court of Appeals, a writ of error from this Court to the Appellate Division would not lie. *Id.*

Writ of Error to 207 App. Div. (N. Y.) 842, 893, dismissed.

ERROR to a judgment of the Supreme Court of New York, Appellate Division, which affirmed an order of the Special Term disallowing a judgment creditor's claim against an insurance company, in liquidation proceedings.

*Messrs. Arthur F. Gotthold, Thomas M. Fields, Frank J. Hogan* and *Walter W. Gross* were on the brief, for plaintiff in error.

---

[1] James A. Beha, Superintendent of Insurance, was substituted as defendant in error in this Court.

*Messrs. Clarence C. Fowler, James A. Beha* and *Alfred C. Bennett* were on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Unkefer & Co., a Delaware corporation, on October 1, 1915, entered into a contract with the United States to erect a post office and court house building in Charlotte, North Carolina, and furnished a bond in accordance with the Act of February 24, 1905, c. 778, 33 St. 811. There were two sureties upon the bond, the Casualty Company of America, of New York, and the Southwestern Insurance Company, of Oklahoma, the former being liable under the terms of the bond for $50,000, and the latter for $46,000. Unkefer & Co. made various contracts for supplies and materials, including a contract with the Southern Electric Company for $201.23. The supplies were used in the post office building and were delivered before the middle of June, 1917. Unkefer & Co. became insolvent at that time and ceased work. Under the provisions of the bond, the Casualty Company became liable for 52 per cent. of the claim. Suit was brought by the Southern Electric Company against the Casualty Company in the United States District Court for the Western District of North Carolina, and a judgment in the sum of $105.50 was recovered August 4, 1921.

Meantime by order of the Supreme Court of the State of New York, dated May 4, 1917, the Superintendent of Insurance of that State took possession of the property of the Casualty Company of America and proceeded to liquidate its business in accordance with the statutes under which it was organized, and as liquidator made a report of the claims against the company to the Supreme Court of New York. A duly authenticated record of the judgment in favor of the Southern Electric Co. in the United States court for the Western District of North Carolina was filed as a claim with the liquidator against

the Casualty Company. He reported that it could not be allowed because it did not arise until after the date when the property of the Casualty Company had been taken over for liquidation and must therefore be classed under the New York statute as a contingent claim not to be paid out of the existing assets—until after the claims which had arisen before liquidation had been paid. An order of reference to consider the objections to the report of the liquidator was made in the Supreme Court, and they were sent to a referee to be heard. He sustained the report of the liquidator. The disallowance was approved by the Supreme Court and on appeal was taken to the Appellate Division, which affirmed the order of the special term. The claimant then moved for leave to appeal to the Court of Appeals, and that motion was denied by the Appellate Division. It is from the order of the Appellate Division affirming the report of the Superintendent of Insurance disallowing the claim that this writ of error is taken.

Both before the referee in the Supreme Court and the Appellate Division the claimant maintained that the refusal to allow the claim based on the judgment of the Western District of North Carolina was a denial of full faith and credit, in violation of Article IV, § 1 of the Federal Constitution; that § 63 of the insurance law of the State of New York, by which all the assets of the Insurance Company were appropriated to pay claims earlier than the North Carolina judgment here sought to be enforced, was in violation of the Fourteenth Amendment in requiring a classification so unreasonable as to take claimant's property without due process of law, and that the New York statute impaired the obligation of a contract, in violation of Article I, § 10, clause 1, of the Constitution.

A motion is made to dismiss this writ of error on the ground that it has not issued to the court of last resort

of the State of New York as required by § 237 of the
Judicial Code, as amended by Act of September 6, 1916,
39 St. 726, c. 448.    By the first paragraph of § 588 of the
Civil Practice Act of New York, an appeal to the Court
of Appeals may be taken as of right from a judgment or
order entered upon the decision of the Appellate Division
which finally determines an action or special proceeding
where is directly involved the construction of the Con-
stitution of the State or of the United States.    In this case
there is directly involved the construction of the Con-
stitution of the United States, and therefore it would seem
that an appeal could have been taken from the Appellate
Division as of right to the Court of Appeals, but this
was not done.    Instead, application was made to the
Appellate Division to certify that a question of law was
involved in the case which ought to be reviewed by the
Court of Appeals, and that certificate the Appellate Divi-
sion declined.    Thereafter no application was made to
the Court of Appeals to allow an appeal.    Paragraph 4
of § 588 provides that an appeal may be taken to the
Court of Appeals from a judgment or order entered upon
the decision of the Appellate Division which finally deter-
mines an action or special proceeding, but which is not
appealable as of right under sub-division 1 of the sec-
tion, where the Appellate Division shall certify that in
its opinion a question of law is involved which ought to
be reviewed by the Court of Appeals, or where in case
of the refusal so to certify an appeal is allowed by the
Court of Appeals.

It is said that this order of disallowance could not have
been appealed to the Court of Appeals, either under the
first or fourth paragraph of § 588, because it is not an order
entered upon the decision of the Appellate Division which
finally determines an action or special proceeding, and
that this was so held in the case of *The People* v. *Ameri-
can Trust Company*, 150 N. Y. 117.    We find, however,

that on December 12, 1922, in the matter of a claim of one Badgley, in this same proceeding for the liquidation of the Casualty Company of America, the Court of Appeals (234 N. Y. 503) entertained an appeal from the Appellate Division of the first judicial department, which had reversed an order of the special term allowing the claim of the appellant therein and dismissed the claim. This was not by permission of the Appellate Division and must therefore have been found by the Court of Appeals to be within the 4th paragraph of § 588, an order upon a decision of the Appellate Division " finally determining an action or special proceeding." This clearly shows that in the view of the Court of Appeals of New York if the order of disallowance in this case involved a federal constitutional question as it did on this record, it was directly appealable to that court from the Appellate Division under the first paragraph of § 588. The claimant has failed to make proper application to the state court of final resort and for that reason the writ must be dismissed.

*Motion granted.*