Ronnie Lee ROBINSON, Petitioner,

v.

Harold R. SWENSON, Warden,
Respondent.

No. 19310–1.

United States District Court,
W. D. Missouri, W. D.

Sept. 17, 1971.

Ronnie Lee Robinson, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

Petitioner, a prisoner in the Missouri State Penitentiary, has filed a petition for a writ of habeas corpus attacking the constitutional validity of his five year sentence for robbery in the first degree. The sentence was imposed on November 8, 1968, after a plea of guilty in the Circuit Court of Jackson County, Missouri. The Supreme Court of Missouri in Robinson v. State, (Mo.Sup.Ct., Div. 2, 1970) 454 S.W.2d 930, affirmed the trial court's denial of postconviction relief sought under Missouri Rule 27.26, V.A.M.R.

The sole ground for federal habeas relief alleged by petitioner in this Court is that he was denied effective assistance of counsel. This ground was raised, along with others, at the State trial court's evidentiary hearing held pursuant to Missouri Rule 27.26. It was then presented on appeal to the Supreme Court of Missouri.

## II.

A threshold exhaustion question of importance is presented by the Attorney General's response to our order to show cause. The Attorney General directs attention to the unquestioned general rule that under ordinary circumstances all available state postconviction remedies must be exhausted before a federal court will exercise its habeas corpus jurisdiction. He then argues that:

In this regard, respondent would note Article V, Section 9, Constitution of Missouri which provides for the transferring of a case to the Court En Banc on proper motion. See also Missouri Supreme Court Rule 84.02. In consideration, for a petition for certiorari, the Supreme Court, in applying a similar exhaustion test as is to be applied in the instant case, held that absent a petition for a rehearing or transfer to the Supreme Court of Missouri en banc and the denial of that application, the appellate process of the State of Missouri had not been exhausted. Osment v. Pitcairn, 317 U.S. 587, 63 S.Ct. 21, 87 L.Ed. 481 (1942); and Gorman v. Washington University, 316 U.S. 98, 62 S.Ct. 962, 86 L.Ed. 1300 (1942). A review of the Supreme Court [of Missouri] file [in this case] indicates that no petition for rehearing or transfer to the Court En Banc has been filed by the petitioner in the instant case, and thus he has failed to exhaust his adequate and available state court remedies.

Strictly speaking, the question presented in Gorman v. Washington University did not apply "a similar exhaustion test." The question presented in that case was whether the Supreme Court had "juris-diction under § 237(b) of the Judicial Code [28 U.S.C.A. § 344(b)] which restricts our authority to review decisions of state courts to those causes wherein a judgment has been rendered 'by the highest court of a State in which a decision could be had.'" (316 U.S. at 99, 62 S.Ct. at 963).

■ The principles applicable to exhaustion of state remedies in habeas corpus cases, initially articulated in Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), and now codified in Section 2254, Title 28, United States Code, do not rest on considerations of power and jurisdiction but relate solely to the appropriate "exercise of power." Bowen v. Johnson, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939). See parts I and II of White v. Swenson, (W.D.Mo.1966 en banc) 261 F.Supp. 42, 44–47. See also Procunier v. Atchley, 400 U.S. 446, 451 fn. 6, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971), in which it was stated that "Congress in 1966 amended 28 U.S.C. § 2254 (see 1964 ed., Supp. V), so as substantially to codify most of the habeas corpus criteria set out in Townsend v. Sain [372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770]."

We therefore conclude that what the Supreme Court said in regard to the jurisdictional question presented in Gorman v. Washington University is not controlling in the determination of the question of comity presented in this case.

This Court has considered an exhaustion question which is quite close to the question presented in this case. Caffey v. Swenson (W.D.Mo., 1970) 332 F.Supp. 624 involved another case in which no motion to transfer to the Supreme Court of Missouri en banc had been filed. The question presented in that case, however, was not precisely the same as the question presented in this case. Petitioner's right to transfer in *Caffey*, unlike this case, could have been based on the additional and independent ground that a member of the Division of the Supreme Court of Missouri had dissented from the opinion rendered by a regular Division of that Court. See State v. Caffey,

(Div. No. 1, Sup.Ct. of Mo.) 365 S.W.2d 607.

Chief Judge Becker recognized in his consideration of the exhaustion question presented in *Caffey* that Gorman v. Washington University, *supra,* "may not be fully applicable." He concluded, however, that under circumstances which included a Divisional dissenting opinion, comity required that the Supreme Court of Missouri en banc be afforded an opportunity to consider an appropriate motion to transfer. Accordingly, the petition for federal habeas corpus in *Caffey* was dismissed without prejudice in order to permit the petitioner an opportunity to seek leave to file such a motion.[1]

We are of the opinion that there is a significant distinction between a case in which a particular defendant's right to transfer could be based both upon (a) a divisional dissent plus (b) the presence of a federal question, and a case which only involves the alleged presence of a federal question. And certainly the practical consequences which flow from this Court's determination of the exhaustion question presented are far reaching.

Should this Court determine, as a matter of comity, that every state prisoner must file a motion to transfer to the Supreme Court of Missouri en banc in all cases in which a federal question is presented before he can be said to have exhausted his state court remedies, it is reasonably foreseeable that the articulation of such an exhaustion rule would but add another procedural step to all cases pending in and decided by any Division of the Supreme Court of Missouri. The processing of such motions would obviously be judicially burdensome to the Supreme Court of Missouri.

 We conclude that until. the adoption of some other rule may be deemed proper, this Court should under ordinary circumstances and as a matter of comity, (a) require that a motion to transfer be filed in cases in which a dissent is filed with a Divisional opinion before a state prisoner may be said to have exhausted his available state court remedies, but that (b) no motion to transfer need, as a matter of exhaustion, be filed in any case in which the sole ground upon which a motion to transfer could be based would be the involvement of a federal question.

It must be understood, of course, that the rule stated is applicable to the usual and ordinary circumstances presented in most state prisoner habeas corpus cases and is necessarily subject to exceptional circumstances which may be presented in some particular future case.

### III.

This case does not present any difficult questions on the merits. The Supreme Court of Missouri reliably found the facts pertaining to each of the alleged instances of ineffective assistance on the part of petitioner's trial counsel.

 The determination of an alleged violation of the federal constitutional right to the effective assistance of counsel is a federal question and its resolution controlled by the decision of the Supreme Court of the United States. Goodwin v. Swenson, D.C., 287 F.Supp. 166, 181 (1968).

 We conclude that the Supreme Court of Missouri properly applied appropriate federal standards to the facts reliably found and that none of the petitioner's fact situations indicate, individually or collectively, a denial of the effective assistance of counsel. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1938); and McMann v. Richardson, 397

---

1. It is not necessary to follow the further proceedings in that case because Chief Judge Becker eventually reached the merits of all of petitioner Caffey's federal claims and denied his petition on the merits. See Chief Judge Becker's later opinion in Caffey v. Swenson (W.D. Mo., 1970) 332 F.Supp. 624.

U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

For the reasons stated, it is

Ordered that petitioner's federal habeas corpus petition should be and the same hereby is denied.