**STATE of Missouri, (Plaintiff) Respondent,**

v.

**Robert Allen KELLEY, (Defendant) Appellant.**

**No. 55904.**

Supreme Court of Missouri, Division No. 1.

Dec. 13, 1971.

**708**

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Samuel T. Vandover, Asst. Public Defender, Clayton, for appellant.

HOLMAN, Presiding Judge.

Defendant was charged with burglary in the second degree and stealing. See §§ 560.070 and 560.156.[1] The information also charged prior felony convictions under the provisions of § 556.280. The jury found defendant guilty of both offenses and the court (after making the required findings) fixed his punishment at imprisonment for a term of ten years for the burglary and five years for the stealing, the sentences to run consecutively. See §§ 560.095 and 560.110(1). Defendant has appealed. We affirm.

The only point relied on by defendant upon this appeal is that "the court erred by denying appellant's motion to suppress appellant's written and oral confessions in that same were obtained as a result of an arrest not founded on probable cause." In view of that contention we will restrict our factual statement largely to matters relating thereto.

Defendant is alleged to have participated, along with Russell Lawrence and Gerald Raymer, in a burglary, on November 17, 1969, of a bakery called Hart's Family Store, which was located at 8709 Goodfellow, in Jennings, St. Louis County, Missouri. Facts relating to the burglary are contained in a brief written statement given by defendant to certain St. Charles County officers, as follows: "It was Sunday night, November 16, 1969, and me and Lawrence and Raymer were in Jennings, I guess. There was a bakery there. We were in my '65 Chevrolet pick-up truck bearing Missouri license 858–057, black painted, with a camper on it. It was after midnight. I parked the truck. Me, Raymer and Lawrence all got out and we were right in front of the bakery. One of us broke the window in the front door. Raymer and Lawrence went inside and I was standing lookout. Raymer and Lawrence rolled the safe out of the store and we all three loaded the safe in the back of my pick-up truck. It was dark colored. I took it over on Carson Road by a side street. I thought that I seen the door was unlocked. We all three got out of the truck and went to the back. Raymer got into the back of my truck and opened the door and it was unlocked. We got about three hundred dollars cash apiece out of the safe, nothing else. We dumped the safe in that neighborhood."

1. Statutory references are to RSMo 1969, V.A.M.S.

The circumstances relating to the arrest of defendant were detailed in testimony taken out of the hearing of the jury during the trial. St. Louis City Police Officer James Enright testified that on November 25, 1969, he and Detective Thornberry observed two known police characters, Donnie Winters and Melvin Steagal, parked behind the house of another known police character in a truck which the officers knew that neither of the occupants owned; that they knew that a truck of the same description had been involvd in burglaries in North St. Louis County; that as they approached the truck the two men got out and came towards their car to talk to them; that they were suspicious concerning the truck and proceeded to search it; that they found, under the front seat, three checks of the U. S. Department of Agriculture with amounts filled in with the use of a check protector; that upon calling St. Charles County officers they learned that the checks had been taken in a burglary of the Department of Agriculture office in St. Charles; that they then learned from Winters that the owner of the truck, the defendant, was at his (Winters') house and had brought the Department of Agriculture checks, together with a check protector, to his house. They then went to Winters' home where they arrested Mrs. Winters and the defendant for the St. Charles County burglary. Upon searching the house they found in a closet a cardboard box which contained 97 other Department of Agriculture checks apparently taken in the St. Charles burglary, as well as a check protector and a typewriter.

On November 26, Detective Sergeant Joseph Velders of the St. Charles County sheriff's office went to St. Louis and obtained custody of the defendant, advising him that he was under arrest for suspected burglary of the Department of Agriculture Building in St. Charles. Defendant was returned to the St. Charles County jail where he signed a *Miranda* waiver form and, about 11:30 p. m., was questioned by Velders and Detective Glaser. During that interrogation defendant admitted participating in the Agriculture Department burglary and also the burglary in Jennings involved in this case. There was evidence on the part of defendant and his mother indicating that defendant was physically abused by the officers, which abuse coerced the giving of both his oral and written confessions. We will not detail that evidence, however, since defendant on this appeal does not rely on the alleged physical coercion as a basis for the invalidity of his confessions. In overruling the motion to suppress the court specifically found that Detectives Enright and Thornberry had probable cause to believe that defendant had committed a felony in St. Charles County and therefore lawfully arrested him.

As heretofore indicated, it is defendant's sole contention that the St. Louis police officers did not have probable cause for his arrest, hence his arrest was illegal and, under the fruit-of-the-poisonous-tree doctrine,[2] his confessions were the tainted product of the unlawful arrest and should have been excluded. "The existence of 'probable cause,' justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved. * * In determining probable cause, all the information in the officer's possession, fair inferences therefrom, and observations made by him, are generally pertinent; and facts may be taken into consideration that would not be admissible on the issue of guilt." 5 Am.Jur.2d, Arrest, § 48, p. 740. See also State v. Novak, Mo.Sup., 428 S.W.2d 585.

Defendant says that the arrest in this instance was based solely on bare suspicion which, as stated in State v. Goodman, Mo.Sup., 449 S.W.2d 656, is never

2. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

**710**

sufficient to satisfy the requirement of probable cause. We do not agree. It is our view that the facts here were clearly sufficient to constitute probable cause and hence the arrest was lawful and the confessions were not inadmissible as defendant contends. These are the facts Officers Enright and Thornberry were warranted in considering in their determination that defendant had been involved in the St. Charles County burglary: (1) The truck was of the same description as one known to have been involved in nearby burglaries; (2) it was in possession of two known police characters who did not own it; (3) a search of the truck revealed three checks which the officers learned had been taken in the St. Charles burglary; (4) defendant owned the truck and had brought those checks, or similar ones, to Winters' home along with a check protector; and (5) defendant was then in the Winters home.

■ We agree, as stated in Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, that only the facts available to the officers at the moment of arrest may be considered and we therefore disregard the fact that certain checks and a check protector were found in the Winters home after the arrest. However, the facts heretofore specified were all known to the officers at the time of the arrest. Defendant also contends that the officers were not justified in relying on information furnished them by Winters and Steagal since they were in possession of the truck in which the checks were found and therefore were suspects in the burglary. It is our view that under all the facts and circumstances of this case the officers could reasonably consider the information they received to be trustworthy.

As indicated, we rule that the arrest of defendant was based on probable cause and was therefore lawful. In view of that ruling there is no need to consider the alternative contention of the Attorney General that the confessions were valid in any event, because the connection between the arrest and the confessions became so attenuated that the taint, if any, was dissipated.

The judgment is affirmed.

All concur.