336 F.Supp. 592 (1971)
Eddie L. CORLEW, Petitioner,
v.
Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.
No. 71 C 355(1).
United States District Court, E. D. Missouri, E. D.
December 15, 1971.
*593 Eddie L. Corlew, pro se.
John C. Danforth, Atty. Gen. of Mo., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on petitioner's motion for a writ of habeas corpus under the provision of Title 28, U.S.C., Section 2254. Petitioner was convicted of armed robbery in the Circuit Court, City of St. Louis, Missouri, and sentenced to twelve years imprisonment under the Second Offender Act. His conviction was affirmed on direct appeal to the Missouri Supreme Court. State v. Corlew, Mo., 463 S.W.2d 836. Petitioner has not exhausted the remedies available in the state courts of Missouri on one allegation. He has not filed a Rule 27.26, V.A.M.R. motion, but has raised all the points except one in his direct appeal. Edwards v. Swenson, 429 F.2d 1291 (8th Cir. 1970).
In support of his motion, petitioner contends the following: (1) the indictment was presented without the grand jury hearing any legally competent evidence, (2) the trial court erred in allowing in-court identification without having found "beyond a reasonable doubt" that such identification was not tainted by prior illegal procedures, (3) the trial court erred in permitting evidence of additional offenses not connected with the offense for which defendant was being tried, (4) the trial court erred by exerting pressure on the jury by (a) inquiring as to the prospect of reaching a verdict, and (b) the giving of a "hammer" instruction, (5) the Supreme Court of Missouri refused petitioner the right to file his motion for rehearing or transfer to the Court En Banc, and thus he was denied effective counsel on appeal.
Petitioner's first four allegations present questions which are not reviewable in habeas corpus proceeding. Errors of the state trial court are not reviewable on federal habeas corpus, unless there has been a deprivation of constitutional rights such as to render the judgment void or to amount to a denial of due process. Scalf v. Bennett, 408 *594 F.2d 325 (8th Cir. 1969); Cert. denied 396 U. S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1969); Durham v. Haynes, 368 F. 2d 989 (8th Cir. 1966), Cert. denied 390 U.S. 959, 88 S.Ct. 1054, 19 L.Ed.2d 1154. This court, after reviewing the transcript of the trial does not find any error in petitioner's trial that constitutes a deprivation of petitioner's constitutional rights such as to render the judgment void or amount to a denial of due process. Therefore, the petitioner's first four allegations, as set forth above, exhibit no basis for relief in habeas corpus.
Petitioner's last allegation is that the Supreme Court of Missouri refused petitioner the right to file his motion for rehearing or transfer to the Court En banc, and thus, he was denied effective counsel on appeal. Correspondence in cause, identified as Exhibit "D", shows that long after the time for filing a petition for rehearing En banc, petitioner, without asking for an extension of time in which to file his motion, nor offering excusable neglect for such failure to file within time, was refused the privilege of filing his motion. Pursuant to Article V, Section 9, Constitution of Missouri, 1945, V.A.M.S., on timely motion made, the Supreme Court of Missouri, in Division, may, if there has been a misapplication of Missouri law transfer the case to the Court En banc. A petitioner seeking rehearing or transfer to the Court En banc does not have a Missouri constitutional right to have the case so transferred, or for rehearing to be had. It is a privilege to be granted in sound judicial discretion. In this case, petitioner has not received a ruling on his motion for rehearing or transfer to the Court En banc on its merits. The Clerk of the Supreme Court of Missouri refused to file petitioner's untimely motion for rehearing En banc pursuant to Missouri Supreme Court Rule 84.02. Petitioner must request an extension of time, stating the reasons for the neglect to meet the time qualification, before petitioner can be assumed to have exhausted his adequate and available state court remedies. Osment v. Pitcairn, 317 U.S. 587, 63 S.Ct. 21, 87 L.Ed. 481 (1942); and Gorman v. Washington University, 316 U.S. 98, 62 S.Ct. 962, 86 L.Ed. 1300 (1942).
This Court finds the application for the writ of habeas corpus and response present only issues of law and denies petition, without hearing, on ground of failing to exhaust state remedies.