**Robert KELLEY, Appellant,**

v.

**Harold R. SWENSON, Appellee.**

**No. 73–1077.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1973.

Decided June 22, 1973.

Richard D. Schreiber, Clayton, Mo., for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and TALBOT SMITH,* Senior District Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal in forma pauperis by petitioner Robert Kelley from order of the United States District Court filed January 8, 1973, denying without prejudice his petition filed pursuant to 28 U.S.C. § 2254, for his release from custody on a Missouri State conviction. Petitioner sought relief upon the ground that his constitutional rights were violated by the admission into evidence of confessions alleged to have been obtained as the result of an unlawful arrest not based on probable cause by the St. Louis police. The dismissal was based upon failure to exhaust state remedies. Certificate of probable cause was issued by the trial court.

Petitioner predicated his right to relief in the present action on the following basic allegation:

"Petitioner is being held unlawfully as a result of the criminal trial court denying petitioners Motion to Suppress petitioners Written and Oral Confessions in That Same Were Obtained as a Result of an Arrest Not Founded on Probable Cause. Petitioner was arrested as the result of a bare suspicion on the part of the Officers Enright and Thornberry of the St. Louis Police Department and as the result of the self-serving, unreliable information of Donnie Winters."

He elaborates upon his contention that he was illegally arrested by the St. Louis police and then goes on to set out the undisputed federal constitutional law that the product resulting from an illegal arrest cannot be used against him.

The identical issue was raised by Kelley in his state trial resulting in his conviction. The trial court held a Jackson-Denno hearing out of the presence of the jury and determined the initial arrest was valid and that the confession which he made to the St. Charles County officers was voluntary and admissible. The conviction was affirmed by Division I of the Supreme Court of Missouri, State v. Kelley, 473 S.W.2d 707 (Mo. Sup.Ct.1971). In the course of its opinion, the Court states:

"The only point relied on by defendant upon this appeal is that 'the court erred by denying appellant's motion to suppress appellant's written and oral confessions in that same were obtained as a result of an arrest not founded on probable cause. . . .'" 473 S.W.2d 707, 708.

The Missouri Supreme Court states in detail the reason why it determined the initial arrest by the St. Louis police was based upon probable cause and was valid. The facts pertinent to this appeal are fully set out in the Missouri Supreme Court's opinion.

The federal trial court states the threshold issue to be whether the petitioner has exhausted his state remedies and then goes on to say:

"However, the record is clear that the Missouri courts have never considered the issue of probable cause for arrest by the St. Charles County officers. This question may be of importance, since the interrogation which preceded the confessions did not commence until after petitioner was arrested and in the custody of the St. Charles County Sheriff's office."

It is quite true that the initial arrest of defendant was made by the St. Louis police without a warrant on a burglary committed in St. Charles County, and that Kelley was turned over to the St. Charles authorities who charged Kelley with the St. Charles burglary, and that the confession here involved was made to the St. Charles officers and included the St. Charles burglary and also the burglary upon which he was convicted,

* Eastern District of Michigan, sitting by designation.

being the conviction to which his present petition is directed.

■ Turning over a person properly arrested to the proper officers of the county in which the crime was committed does not operate to alter the lawful character of the initial arrest where the defendant has not been released from custody. See Reed v. United States, 364 F.2d 630, 633 (9th Cir. 1966).

More significantly, Kelley did not either in the State court or in the present proceedings, challenge any arrest other than his initial arrest by the St. Louis police.

■■ Possibly as intimated by the trial court in its opinion, petitioner could raise other issues in his habeas corpus proceeding. He has not done so. The exhaustion of remedy must be determined upon the basis of the issues fairly presented by the petition or tried by consent. Subject to the resolution of· the issue immediately hereinafter discussed, we hold that the court erred in dismissing the petition on the ground that state remedies were not exhausted.

The State in its brief before the trial court and in its brief before us urges that the highest court in Missouri is the Supreme Court of Missouri en banc and that a litigant in a case determined by a division of the Supreme Court has not exhausted his state remedies unless he has filed a petition for rehearing or transfer to the Supreme Court en banc. The Supreme Court of Missouri legally sits in two divisions. It is admitted that no motion for rehearing or transfer to the court en banc was made by petitioner on the decision of·

Division I. The trial court did not comment upon nor base its decision upon defendant's failure to apply for an en banc hearing but since such issue is raised by the State, we feel that it must be met.

The State's contention is based principally upon Gorman v. Washington University, 316 U.S. 98, 62 S.Ct. 962, 86 L. Ed. 1300 (1942). See also Osment v. Pitcairn, 317 U.S. 587, 63 S.Ct. 21, 87 L.Ed. 481 (1942). Under §§ 1 and 4 of Article VI of the 1890 amendments to the Missouri Constitution, "when a federal question is involved, the cause, on the application of the losing party, shall be transferred to the court for its decision." Gorman held that the failure of the losing party to seek a transfer in a case in which a "federal question is involved" to the court en banc constituted a failure to exhaust available state remedies and hence that the United States Supreme Court was without jurisdiction to review the case.[1]

In Teamsters Local v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962) the Supreme Court held it had jurisdiction to review by certiorari a decision of a division of the Washington Supreme Court. In distinguishing Gorman from the case before it, the Court states:

"As the opinion in Gorman pointed out, the Constitution of the State of Missouri expressly conferred the right to an en banc rehearing by the Supreme Court of Missouri in any case orginally decided by a division of the court in which a federal question was involved. It was this provision of the state constitution which was the basis

1. It may be significant to note that the exhaustion issue decided in Gorman is not identical to the exhaustion issue presented here. Gorman involved certiorari jurisdiction for which the exhaustion requirement is satisfied if a judgment has been rendered "by the highest court of a State in which a decision could be had, . . . ." 28 U.S.C.A. § 1257. The instant case involves habeas corpus relief for which the exhaustion requirement is satisfied if there is no "right under the law of the State to raise, by any available procedure, the question presented" to the federal court. 28 U.S.C.A. § 2254.

Although the two types of exhaustion appear on the surface to be substantially the same, it has been persuasively argued that the exhaustion test for purposes of habeas corpus relief is less rigorous than that for certiorari jurisdiction. Robinson v. Swenson, 331 F.Supp. 483, 484 (W.D. Mo.1971). We believe the argument has merit.

for the conclusion in *Gorman* that the State of Missouri did not regard a decision by a division of the court as the final step in the state appellate process in a case involving a federal question. '[T]he constitution of Missouri,' it was said, 'has thus provided in this class of cases for review of the judgment of a division. . . .' 316 U.S., at 100 [62 S.Ct. at 963].

"By contrast, a rehearing *en banc* before the Supreme Court of Washington is not granted as a matter of right. The Constitution and statutes of the State of Washington authorize its Supreme Court to sit in two Departments, each of which is empowered 'to hear and determine causes, and all questions arising therein.' Cases coming before the court may be assigned to a Department or to the *court en banc* at the discretion of the Chief Justice and a specified number of other members of the court. The state law further provides that the decision of a Department becomes a final judgment of the Supreme Court of Washington, unless within 30 days a petition for rehearing has been filed, or a rehearing has been ordered on the court's own initiative.

"We can discern in Washington's system no indication that the decision in the present case, rendered unanimously by a majority of the judges of the Supreme Court of Washington, was other than the final word of the State's final court. This case is thus properly before us, and we turn to the issues which it presents." 369 U.S. 95, 99–101, 82 S.Ct. 571, 574–575.

In so far as the federal question language is concerned, Article V, § 9 of the present Missouri Constitution, V.A.M.S., is substantially the same as the former Article VI, § 4 quoted in *Gorman*. Subsequent to *Gorman*, however, the Missouri Supreme Court has held that the federal question language of Article V, § 9 creates a right to a transfer only when the construction or validity of a constitutional provision is involved. There is no right to a transfer where only the application of constitutional principles is involved. White v. State, 430 S.W.2d 144, 148 (Mo.Sup.Ct.1968); Ackerman v. Globe-Democrat Publishing Co., 368 S.W.2d 469, 479 (Mo.Sup.Ct. 1963); Robinson v. Swenson, 331 F. Supp. 483 (W.D.Mo.1971); Hegwood v. Swenson, 344 F.Supp. 226 (W.D.Mo. 1972), see State v. Harris, 321 S.W.2d 468 (Mo.Sup.Ct.1959).

While distinguishable in some respects, Corlew v. Swenson, 336 F.Supp. 592 (E.D.Mo.1971), and Caffey v. Swenson, 332 F.Supp. 624 (W.D.Mo.1971), could be construed as reaching a contrary result. To the extent that *Corlew* and *Caffey* cannot be reconciled with *Robinson* and *Hegwood,* we prefer the reasoning of the latter two cases.

■ The construction of a state constitution or statute is a matter of state law which rests with the Supreme Court of the state. The Missouri court in the cases just cited has clearly held that no absolute right exists to an en banc hearing in a case where the court applies established federal constitutional principles to the facts of a particular case. Such is the situation here. The Missouri Supreme Court in White v. State, *supra,* states the applicable law as follows:

"[I]f the arrest was with probable cause, and therefore lawful, the search and seizure made as an incident thereto admittedly was not unreasonable, and the evidence thus obtained was properly admitted. The only possible 'construction' of either the federal or state constitution would be whether a search and seizure without a warrant made as an incident to a lawful arrest violates the applicable constitutional provisions against unreasonable searches and seizures. However, it has long been decided that it does not. Ker v. State of California, 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726]; State v. Phelps, Mo., 384 S.W.2d 616. This court does not take jurisdiction on the ground that the construction of the constitution is involved when the

**90**

precise constitutional question has been priorly adjudicated by decisions of this court, *Swift & Co. v. Doe*, Mo., 311 S.W.2d 15, 20, and when that prior adjudication is not in good faith challenged. See *State v. Harris*, Mo., 321 S.W.2d 468. The issue for decision on appeal did not require the 'construction' of the federal or state constitution. At most, there was involved only the *application* of constitutional principles and not the *construction* of the federal or state constitution. 'A real substantive federal question should exist for the transfer of a cause to Banc. The mere allegation of the existence of a federal question is not sufficient.' *State v. Johnstone*, Mo., 335 S.W.2d 199, 207." 430 S.W.2d 144, 148.

We are satisfied that under the facts of the case before us there is no absolute or automatic right to transfer to the court en banc by reason of the presence of a federal question as such term is construed by the Missouri court. Under the recent Missouri cases which we have cited, the rights of the present petitioner to an en banc hearing are no greater than those involved in the *Lucas Flour* case, *supra*, relating to the State of Washington.[2]

The court erred in dismissing the petition upon the ground of failure to exhaust state remedies. The judgment appealed from is vacated and the case is remanded to the trial court with direction to vacate the dismissal and hear the petition on the merits. We leave to the trial court for initial determination the question of whether an evidentiary hearing is required.

---

2. An additional reason may exist why petitioner could not at the present time receive an en banc review by the Missouri Supreme Court.

Prior to January 1, 1972, the Missouri Supreme Court's jurisdiction over petitioner's state appeals was clear. Article V, § 3, of the Missouri Constitution grants appellate jurisdiction "in all cases of felony." Effective January 1, 1972, however, the Missouri Supreme Court's jurisdiction over criminal appeals was narrowed to include only "appeals involving offenses punishable by sentence of death or life imprisonment." This provision appears to apply to all appeals brought after the effective date of the constitutional revision, including those where the offense was committed prior to the effective date. See *Garrett v. State*, 481 S.W.2d 225 (Mo.Sup.Ct.1972) ; *Parks v. State*, 492 S.W.2d 746 (Mo.Sup.Ct.1973).

Apparently, the petitioner could hope to secure review in the Missouri Supreme Court only by attempting to invoke the Court's appellate jurisdiction over "cases involving the construction of the [federal or State] Constitution." Mo.Const. Art. V, § 3. The teachings of *State v. Harris*, 321 S.W.2d 468 (Mo.Sup.Ct.1959), however, appear to extinguish this possibility. The section 3 language quoted above has been given the same narrow construction as that given the federal question transfer provision of section 9, discussed previously in the body of this opinion. The section 9 language "is to be 'interpreted according to the standard' contained in Section 3. . . ." *White v. State, supra*, 430 S.W.2d at 148.