**Robert KELLEY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 72 C 498 (2).**

United States District Court,
E. D. Missouri, E. D.

April 29, 1974.

Richard D. Schreiber, Clayton, Mo., for petitioner.

John C. Danforth, Atty. Gen., State of Missouri, Richard S. Paden, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

### MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

On petitioner's appeal from our order denying without prejudice habeas corpus relief for failure to exhaust state remedies, the Court of Appeals remanded the case with direction to vacate the dismissal and hear the habeas corpus petition on the merits.

Following the remand, we appointed counsel for petitioner and (although not mandated by the Court of Appeals) held an evidentiary hearing in order to afford petitioner an opportunity to present whatever evidence he might have, additional to that contained in the state court record, which might bear on the issue presented.

The narrow question for resolution is whether the written and oral confessions of petitioner (admitted into evidence) were obtained as a result of an arrest by St. Louis police officers on November 25, 1969 without probable cause. The warrantless arrest was made by the St. Louis police on "suspicion" that petitioner committed a burglary of a Department of Agriculture office in St. Charles County. The following day petitioner was turned over to the St. Charles County authorities who charged him with the Department of Agriculture burglary. The confessions here involved, which were made after petitioner was arrested by the St. Charles County officers, did not pertain to the St. Charles County burglary but to another, unrelated, burglary of a bakery in Jennings, St. Louis County, the offense for which petitioner was convicted, and with respect to which the present habeas petition is directed.

Petitioner relies upon the "fruit of the poisonous tree" doctrine as explicated in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, contending on the basis of his claim of an initial unlawful arrest by the St. Louis police that his subsequent confessions, although not made while under that arrest, were tainted thereby. The Supreme Court of Missouri, affirming petitioner's conviction (State v. Kelley, Mo., 473 S.W.2d 707), held that the arrest was based upon probable cause and was valid, and for that reason did not consider or decide the State's further contention that the confessions were valid in any event, on the theory that "the connection between the [initial] arrest and the confessions became so attenuated that the taint, if any, was dissipated."

In *Wong Sun*, narcotics agents, looking for a laundryman known as "Blackie Toy" on the basis of information supplied by an informant, not known to be reliable, that "Blackie Toy" had sold heroin to him, went to a laundry operated under another name by James Wah Toy. There was no evidence which identified James Wah Toy and "Blackie Toy" as the same person, nor was there any intimation that the officers had received any information, such as the criminal record of a Toy, which would narrow their search to this particular Toy. Nevertheless, the agents forced their way into Toy's living quarters and placed him under arrest. In this situation the arrest was held to have been made without probable cause. Toy made oral statements in his bedroom following his arrest which were admitted into evidence over timely objections, as was heroin surrendered to the agents by a third person as a result of those statements.

In that case, in addition to the obvious illegality of the arrest, the circumstances existent at the time the statements were made clearly demonstrated that "the primary taint of the unlawful invasion" had not been purged. The statements came just minutes after six or seven officers had broken the door leading to Toy's living quarters and followed him as he ran into the bedroom where his wife and child were sleeping, where they almost immediately handcuffed and arrested him.

■ The present is not a *Wong Sun* case. In our view, the facts here of record establish probable cause for petitioner's arrest by the St. Louis police officers. This issue was carefully considered by the Missouri Supreme Court on petitioner's appeal, State v. Kelley, Mo., 473 S.W.2d 707, and upon a review of the state court transcript together with petitioner's testimony at the habeas hearing, we concur in the findings set forth in the Missouri court's decision.

■ We are also of the opinion that the November 26 (written) and the No-

vember 27 (oral) confessions did not constitute fruits of the poisonous tree, even if it be assumed that petitioner's November 25, 1969 arrest by the St. Louis police was unlawful.

There is no dispute in the evidence concerning the fact that petitioner made no incriminating statements whatever during the time he was held in custody by the St. Louis police. At most, when he was asked about the checks and check protector involved in the Department of Agriculture burglary, he disclaimed any knowledge thereof. At about 9 P.M. that evening, a "hold" request was made by the St. Charles County authorities. That was where the matter stood when petitioner (and five others who had also been arrested in connection with the Department of Agriculture burglary) were turned over to and arrested by St. Charles County sheriff's deputies on November 26, 1971, on "suspicion" of having committed that crime. At this point, petitioner was no longer in the custody, either lawfully or unlawfully, of the St. Louis police. And inasmuch as the St. Louis police had obtained no information from petitioner nor as the result of his arrest, the situation as of November 26, 1969 is no different than had petitioner not been arrested at all by the St. Louis police or had he been released from that custody prior to his second arrest.[1]

We find that prior to his interrogation on November 26, 1969 by the St. Charles County officers, and again, prior to being questioned by the Jennings police on November 27, 1969, petitioner was fully informed of his "Miranda" rights and that he knowingly and intelligently waived them.[2] Initially, of course, the questioning focused on the St. Charles County burglary, the offense for which petitioner was arrested. The record does not disclose the circumstances under which petitioner informed the St. Charles County officers of the Jennings, St. Louis County, burglary, the commission of which they were wholly unaware. Earlier in the interrogation petitioner had been asked whether he had committed other burglaries and he replied that he had not. Later, petitioner volunteered an admission of his participation in the Jennings bakery break-in, giving full particulars, none of which had theretofore been known to the St. Charles County officers. We hold that under the totality of the circumstances, the confessions were not the product of petitioner's St. Louis arrest and were properly admitted into evidence.

Accordingly, it is hereby ordered that the petition for a writ of habeas corpus should be and it is hereby DENIED.

1. Although it would appear that the St. Charles County arrest was valid, we may not definitively rule the point since it is not before us for the reason that petitioner "did not either in the State court or in the present proceedings, challenge any arrest other than his initial arrest by the St. Louis police." Kelley v. Swenson, 8 Cir., 481 F.2d 86, 88. We note that when the second arrest was effected, it was based not only on the same information available at the time of the initial arrest, but also on information given the St. Charles County officers by the St. Louis police that the checks had been concealed under a cushion on a chair on which petitioner was seated. That the additional information was later determined to be erroneous does not affect the right of the St. Charles officers to rely thereon at the time they made the arrest.

2. In truth, petitioner was theretofore aware of his "Miranda" rights. He was no novice in crime, having previously been convicted "quite a few" times.