**Robert KELLEY, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 74–1394.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1974.

Decided Jan. 28, 1975.

Richard D. Schreiber, Clayton, Mo., for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Robert Kelley, a Missouri state prisoner, appeals from the decision of the district court denying his petition for a writ of habeas corpus. That court's memorandum opinion and order is reported as Kelley v. Swenson, 376 F.Supp. 20 (E.D. Mo.1974). We affirm.

This is the second time that this petition has been before this Court on appeal. Kelley was convicted in state court of second degree burglary and

stealing on February 20, 1970. A direct appeal was taken to the Missouri Supreme Court in which the sole issue presented was whether Kelley's initial arrest by St. Louis police was based on probable cause. This arrest and subsequent incarceration led ultimately to Kelley's confession to the burglary for which he was convicted. The confession was introduced into evidence at the trial over Kelley's objection that it was the product of an illegal arrest.

The state appellate court rendered its opinion on December 13, 1971, holding on that narrow issue that there was probable cause to make the arrest. State v. Kelley, 473 S.W.2d 707, 710 (Mo.1971).

Kelley then filed his petition for a writ of habeas corpus in federal court in which he predicated his right to relief on the basic allegation that his initial arrest had not been based on probable cause and that its product, the confession, was, therefore, inadmissible. The district court dismissed without prejudice on the grounds of failure to exhaust state remedies. This Court reversed and remanded on appeal with directions to vacate the dismissal and hear the petition on the merits. Kelley v. Swenson, 481 F.2d 86, 90 (8th Cir. 1973). After holding an evidentiary hearing on remand the district court denied the petition, and this appeal followed.

■ Before turning to the merits of the legality of Kelley's arrest, we deal with his argument on appeal that the district court erroneously failed to make an independent review of the state court record. This claim has its origins in events at the evidentiary hearing. After relating his version of the arrest, Kelley rested. The state proposed to call both arresting officers to the stand to testify as to their version; but the state's attorney, noting that their testimony would be identical to that given in the suppression hearing before the state trial court, offered the transcript of that testimony into evidence instead. The district court accepted this offer. Kelley's attorney then proposed to offer into evidence the entire state court trial transcript. The district judge rejected this offer "because the whole thing is not pertinent to the arrest. . . . We are not concerned with the rest of the testimony of the trial." He did, however, agree to accept any other specific portions which Kelley's attorney could point out as "pertinent to this inquiry."

> While it is true under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, the District Judge has a right and duty . . . to review the entire record of the trial, that right and duty extends only to the consideration of federal constitutional questions.

Gemmel v. Buchkoe, 358 F.2d 338, 341 (6th Cir.), cert. denied, 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306 (1966).

In this case the only federal constitutional question which had been exhausted in the state courts and which was, therefore, before the federal court concerned the validity of Kelley's initial arrest. There was no reason to review the entire record for other possible constitutional infirmities; and, likewise, there was no duty to review those portions of the transcript which were totally irrelevant to the issue before the court. The trial court's refusal to accept the whole transcript into evidence was entirely justified under these circumstances and there is no merit to this aspect of Kelley's appeal.

■ The facts surrounding the disputed arrest are as follows: Two St. Louis police officers observed two known "police characters," Winter and Steagal, parked behind the house of another "police character" in a truck which the officers knew neither of its occupants owned. The officers recognized the truck as being of the same description as one which had been involved in nearby burglaries. Their suspicions were further aroused when Winter and Steagal left the truck and approached the officers. They proceeded to search the vehicle and found under the front seat three checks of the U. S. Department of Agriculture with amounts filled in with the

use of a check protector. Upon calling St. Charles County authorities the officers learned that the checks had been taken in a burglary from an office in that county. Winters then identified Kelley as the owner of the truck, a fact which was verified by the appearance of Kelley's name written on the exterior of the truck. Winters also told the officers that Kelley was currently at Winters' home and that he had brought into the home stolen checks and a check protector. Acting on this information the officers went to Winters' home where they found Kelley and placed him under arrest for the St. Charles burglary.

This Court recently reiterated the standard to be applied to the issue of probable cause in United States v. Peep, 490 F.2d 903, 906–907 (8th Cir. 1974).

> We assess probable cause in terms of the eyes of a reasonably cautious and prudent peace officer in the circumstances of the moment. . . . Probable cause to arrest depends "upon whether, at the moment the arrest was made, * * * the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). . . . And in making this assessment we do not isolate for independent analysis each factual circumstance, but rather we view the action of the arresting officers on the basis of the cumulative effect of such facts in the totality of the circumstances. . . . (Citations omitted.)

*See also* United States v. Buckhanon, 505 F.2d 1079, 1081 (8th Cir., 1974).

Measured against this standard we are satisfied that the police officers had probable cause to arrest Kelley. At the time of the arrest they knew that three stolen checks had been recovered from a truck with Kelley's name on it and that this truck matched the description of one which had been involved in several burglaries. They had information that the truck belonged to Kelley, that Kelley had brought stolen checks and a check protector into Winters' home, and that Kelley was currently at that address. While this information may not have come from an unimpeachable source, its trustworthiness was indicated by the fact that Kelley's name was painted on the truck and that when the officers actually arrived at Winters' home Kelley was there. There was, in short, some corroboration of the story told by Winters. *Cf.* United States v. Cummings, 507 F.2d 324, 328–329 (8th Cir., 1974); McCreary v. Sigler, 406 F.2d 1264, 1269 (8th Cir.), cert. denied, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969). The cumulative effect of these facts in the totality of the circumstances was sufficient to provide probable cause for Kelley's arrest.

The judgment of the district court denying Kelley's petition for a writ of habeas corpus is affirmed.