Filed 7/17/15  P. v. Rodriguez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO RODRIGUEZ,<br><br>Defendant and Appellant. | A142992<br><br>(San Mateo County<br>Super. Ct. Nos. SC074384A &<br>SC075644A) |

In this appeal, appellant challenges his sentencing.  The sole issue here is whether the restitution fine and parole revocation restitution fine were improper.  The appeal is appropriate pursuant to Penal Code section 1237.[1]  After reviewing the claims of appellant we find no abuse of discretion by the trial court and affirm the judgment.

**STATEMENT OF THE CASE**

On October 6, 2011, the District Attorney of San Mateo County filed an information in superior court in case No. SC074384A, charging appellant with one count of possession of cocaine for purposes of sale, a violation of Health and Safety Code section 11351 (Count One); one count of transportation of cocaine, a violation of Health and Safety Code section 11352 (Count Two); one count of possession of a firearm by a convicted felon, a violation of former section 12021, subdivision (a)(1) (now § 29800) (Count Three); and one count of possession of ammunition by a convicted felon, a

_____

[1] Unless otherwise stated, all statutory references are to the California Penal Code.

violation of former section 12316, subdivision (b)(1) (now § 30305, subd. (a)(1)) (Count Four).  Included in this information was the allegation that in Counts One and Two appellant was personally armed during the commission of the offenses within the meaning of section 12022, subdivision (c).  It was further alleged appellant had previously sustained a felony conviction resulting in a prison term within the meaning of section 667.5, subdivision (b).  Appellant entered a not guilty plea to the charges on October 14, 2011.

On May 7, 2012, the district attorney filed a second information in case No. SC075644A, accusing appellant of assault with a deadly weapon, a violation of section 245, subdivision (a)(1) (Count One) and one count of active participation in a criminal street gang, a violation of section 186.22, subdivision (a) (Count Two).  Regarding Count One, the prosecutor alleged appellant personally inflicted great bodily injury under section 12022.7, subdivision (a) during the commission of the offense.  It was also alleged the crime was committed for the benefit of a criminal street gang with the intent to promote, further or assist criminal conduct within the meaning of section 186.22, subdivisions (b)(1)(c) and (b)(1)(b).  It was also alleged appellant committed Count One while he was released from custody on bail, a violation of section 12022.1.  Appellant entered a not guilty plea to this information on May 9, 2012.

On September 13, 2012, information SC074384A was consolidated with SC075644A by the motion of the district attorney.  Appellant's motion to dismiss the gang-related count and allegations pursuant to section 995 was granted in part by the trial court, which dismissed Count Two, the violation of section 186.22, subdivision (a).

The trial of the consolidated matters began on August 6, 2013.  The jury returned verdicts on August 16, 2013.  They found appellant guilty in case No. SC075644A of Count One and found true the allegations of sections 12022.7, subdivision (a) and 12022.1.  They were unable to reach a unanimous verdict on the gang enhancement allegation.  In information SC074384A, the jury found appellant guilty of Counts Three

2

and Four, but were not able to agree on the drug charges. A mistrial was declared on those counts.

In an effort to resolve the matters, appellant entered a no contest plea in case No. SC074384A to one count of possession of cocaine for sale and one count of transportation, and admitted the enhancement under section 12022, subdivision (c). Before entering his plea, appellant was advised under *Boykin v. Alabama* (1969) 395 U.S. 238.

On August 8, 2014, appellant was sentenced to the aggregate term of 11 years in state prison.

## ARGUMENT

We will omit a narrative of the facts in each of these two informations. Appellant only argues the court imposed restitution fines that violated his constitutional right to protection from ex post facto punishments. However, a review of the plea transcript regarding the no contest pleas in case No. SC074384A does not indicate any suggestion the trial court was prepared to impose the minimum restitution fine. Furthermore, the punishment otherwise was the product of a jury verdict of guilt, with no fixed term of imprisonment or limitation to the range of fines save the maximum. Our review of the record indicates no intention by the trial court to impose what appellant now suggests—the minimum restitution fine.

In this case, the trial court, at sentencing after two prosecutions were resolved by verdict and plea, imposed the following challenged fines: "The defendant shall pay a $300 restitution fund fine, a $300 parole revocation fine. That fine is stayed pending successful completion of parole." The trial court further noted, reflecting its full consideration of its discretionary options, it was imposing "only a single restitution fund fine and a single parole revocation fine as these cases were consolidated."

The rationale of the ex post facto doctrine is to guarantee proper notice of the punishment that may be imposed for the commission of a particular crime. (*In re Vicks*

(2013) 56 Cal.4th 274, 287.)  The ex post facto law therefore focuses on punishment when the crimes were committed.  (*Beazell v. Ohio* (1925) 269 U.S. 187, 169–170; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 638.)  Appellant's claim of ex post facto error is rooted in statutory changes to the restitution fine amounts.  The first information in this case, No. SC074384A, dealt with felonies committed in 2011.  Under section 1202.4, subdivision (b)(1), the range of the fine was between $200 and $10,000.  The second information, case No. SC075644A, alleged felony offenses occurring in 2012.  The Legislature had increased the restitution fine amounts commencing with calendar year 2012 to a range of $240 to $10,000.  For felonies *committed* in calendar year 2014, the range was $300 to $10,000.  (§ 1202.4, subd. (b)(1).)

For ex post facto review purposes, we focus on the *range* of the fine at the time the felony was committed, not at the time of sentencing.  (*People v. Batman* (2008) 159 Cal.App.4th 587, 589.)  In our case, the restitution fine imposed was the total sum of $300.  However, that amount was clearly within the *statutory* range at the time of the earliest date relevant to our review, the offenses in 2011.  The restitution fine appellant received was legally appropriate because it was within the range of the fine when the sentenced crime was committed.  There is nothing improper about it.

While the restitution fine was more than the minimum permitted by statute, the trial court has discretion in the sum imposed, and need not articulate expressly the reasons for the amount imposed.  The appellant here was convicted of several serious felonies and enhancements committed on separate dates.  The seriousness and gravity of the crimes are included in the court's exercise of discretion in this regard.  Importantly, "[e]xpress findings by the court as to the factors bearing on the amount of the fine shall not be required."  (§ 1202.4, subd. (d).)

Additionally, appellant never objected to the restitution fine imposed by the trial court at the time of sentencing.  An amount imposed by the trial court within the legal range of the fine unchallenged at sentencing results in waiver of the claim.  (*People v.*

4

*McCullough* (2013) 56 Cal.4th 589, 591 [failure to contest a booking fee when imposed by the court forfeits the right to challenge on appeal]; *People v. Aguilar* (2015) 60 Cal.4th 862.)

Appellant suggests the trial court was not aware it had discretion to impose a restitution fine amount other than the minimum. He argues the court simply adopted the recommendation of the probation report. However, there is no requirement the trial court has to explain its reason for a particular amount of a fine imposed. Silence by the court on its selection of the amount does not mean the court is imposing the minimum. (*People v. Villalobos* (2012) 54 Cal.4th 177, 183.) We also conclude from this record the trial court was fully cognizant of its discretion in imposing the sentence here. The court, rather than imposing multiple assessments on the separate informations appellant was being sentenced, opted to impose a *single* fine on the consolidated matters. "The court is *electing* to impose only a single restitution fine rather—restitution fund fine, and a single parole revocation fine as *these cases were consolidated.*" (Italics added.) The court manifested its discretion by imposing varied other fines in case Nos. SC075644A and SC074384A.[2] Importantly, the court opted for the aggravated term on the assault conviction as the base sentence, proceeding to impose consecutive sentences on the drug charge in Count One of case No. SC074384A, but also staying other terms when it had the option. We therefore find considerable evidence of sentencing discretion here. Indeed, nothing indicates the trial judge was wedded to a statutory minimum in this sentencing hearing.

Again, we are viewing a challenge of $60 to $100 above the minimum amount. We view the fine challenged here was properly within the range of valid punishment at

---

[2] "So that the record and the abstract are clear, in case 75644, the court imposed one $40 operation assessment and one $30 criminal conviction assessment. In case 74384, the court imposed *four* court operation assessments and *four* criminal conviction assessments that got to the total that I recited." (Italics added.)

5

the time of the *commission* of the crime, as well as at the time of sentencing, and not a violation of the ex post facto doctrine. At sentencing, while appellant and his trial counsel made several claims on a proper resolution of the case, there was no objection of the restitution fine imposed. It was well within the range and we cannot see any constitutional challenge rooted in the ex post facto clause under the circumstances of this case.

## CONCLUSION

We affirm the judgment in this case.

                                    _____

                                    DONDERO, J.

We concur:

_____

MARGULIES, Acting P. J.

_____

BANKE, J.

A142992